STATE OF IOWA, Appellee, v. JAMES DAVIS, Appellant.

No. 40424.

APRIL 10, 1931.

William P. Welch, for appellant.

John Fletcher, Neill Garrett, and Paul Millhone, for appellee.

EVANS, J.—The injured party named in the indictment was the Shambaugh Savings Bank, located in Page County. The robbery occurred between 1:00 and 2:00 P. M. on November 19, 1929. Four persons participated therein. Four persons were jointly charged therefor in the indictment. These were defendant Davis, Prochaska, Baird, and Rowe. The defendant was awarded a separate trial.

The story of the robbery is very brief. Three men entered the bank and the fourth man remained in an automobile nearby. The contention of the state is that Davis, Prochaska, and Rowe entered the bank, each armed with guns, and that Baird occupied the waiting automobile. The robbery was quickly accomplished in the usual way. Three persons were occupied in the bank at the time and were put under the guns of the robbers. The contention for this defendant is that he had nothing to do with the robbery; that he was not present thereat; that he was in fact at that very time in New York City where he had arrived on November 15. The fact controversy concentrates therefore upon the identity of Davis as one of the robbers. The occupants of the bank were Denny and wife and Pinkerton. Denny and Pinkerton each testified that he recognized Davis as one of the men. The testimony of the State tended to show that the four men here named left Omaha on the night of the 18th and that they arrived at Shambaugh in the early morning. At about 9:00 A. M. Prochaska entered the bank and asked for change of currency. He was advised that the vault was not yet open. Thereupon he returned to his companions and they left the town; and returned again about 1:00 P.M. In the morning they were served at the restaurant of the witness, Jenkins. Jenkins identified Davis as one of the men thus served. Pierson, a mail carrier, identified defendant as one of the group. Prochaska, one of the indicted defendants, was used by the State as a witness. He testified to the identity of each of the four persons engaged in the robbery and that Davis was one of them. He was brought from the penitentiary of Nebraska, to which he had been committed for the crime of burglary com-

mitted by him in December following the bank robbery. The defendant was arrested in New York City and delivered to the custody of the witness, Ray Scott, as agent for the State of Iowa. Scott testified to conversations with the defendant on his return trip from New York to the effect that he did participate in the robbery and that he did not propose to fight the accusation. Denny testified to similar statements made to him by the defendant after his return from New York City. The witness, Fred Johnson, another State Agent, in whose custody the defendant was taken from Des Moines to Clarinda, testified that the defendant told him that he (the defendant) was one of the three persons who entered the bank; also that he (the defendant) knew where some of the bonds were. All the foregoing evidence was categorically denied by the defendant, as a witness. His plea of alibi was supported by the testimony of his wife. Such is the state of the evidence.

It is contended in argument that the evidence for the State was uncertain; that much of it was rendered nugatory by cross examination, and that on the whole it was insufficient to warrant a verdict of guilty. We think the evidence was abundant to go to the jury; and that the attack upon its sufficiency does not merit a more detailed discussion thereof.

We pass therefore to a consideration of the legal questions raised by counsel. These objections in the main are directed to Instructions 5, 11, 12, and 13.

I. Complaint is made of Instruction 5, because in defining a reasonable doubt the court failed to instruct the jury properly as to the effect of a *lack of evidence*. This instruction was as follows:

"A doubt, to be reasonable, must be one that arises from a consideration of all of the evidence in the case, or from the *lack of evidence* upon some material point in the case. It is not an imaginary or captious doubt, but one that arises fairly and naturally in your minds from a consideration of the evidence, and one that leads you to hesitate in reaching the conclusion of the defendant's guilt."

It will be noted that in the first sentence above quoted the court did instruct on the subject of "lack of evidence". The complaint of the appellant is that the court failed to repeat

**134**

in the second sentence his previous reference to such subject. The two sentences are consistent and are mutually related. It was not necessary that the second sentence should be a repetition of the first either in whole or in part. We deem the point without merit.

■ II. By Instruction 11, the court instructed the jury as to the legal infirmities of a purported confession of the defendant. It is not claimed that the court erred in his statement of the rules of law applicable to such subject. The claim is that there was no evidence of confession in the record; that the purported confession referred to in the instruction, was a mere admission at most and not a confession and that the instruction was therefore not applicable to any evidence in the case.

It is argued that there is a distinction between a confession and an admission. This contention may be readily conceded. As contended, a *confession* comprises the whole criminal charge; whereas an admission relates only to a particular fact or circumstance covered thereby. Let the distinction be conceded. The admission testified to by the witnesses for the State did comprise the complete criminal charge. The alleged admission of defendant was that he did participate in the robbery. The court instructed the jury as to the infirmities of such a confession and of the legal safeguards and conditions interposed by law for the protection of defendant against its undue consideration. No complaint is made of the form of the instruction in that regard. The instruction was favorable, rather than hostile, to the defendant. The admissions testified to by the State's witnesses were such as entitled the defendant to the precautions set forth in such instruction. He could not therefore have suffered any prejudice therefrom.

III. The objection to Instruction 12, is a continuation of the objection to No. 11. Such instruction was as follows:

"12. Evidence of a confession, which consists of the mere repetition of oral statements, and being therefore subject to much imperfection and mistake, through misunderstanding, excitement, or impulses of the party, and want of proper understanding of the words by the hearers and their imperfection of memory, should be cautiously received; but when such admissions are deliberately made, or often repeated, and are cor-

rectly given, they are often the most satisfactory evidence; and the jury should consider the circumstance under which any confession was made by the defendant, if you find that he made any confession, and give it such weight as it is justly entitled to receive.''

No objection is made to the verbiage of this instruction, nor to any proposition contained therein. A mere reading of the instruction indicates that it was emphatically favorable to the defendant. It furnishes no ground of grievance to him.

IV. Instruction No. 13 is complained of. This instruction dealt with the subject of ''alibi''. It is quite lengthy and we need not set it forth. The defendant concedes that all its pronouncements are sustained by our previous cases except the last clause thereof, which is as follows:

''*And* if, upon the whole evidence, including that relating to defendant's evidence to show an alibi, you have a reasonable doubt as to whether the defendant is guilty of the crime charged in the indictment, then you should acquit him.''

The specific objection of the defendant is directed to the first word of the final clause. He contends that the first word of this clause should be ''but'' in lieu of ''and''.

We think the point is without merit. If the court had in fact used the word ''but'' in lieu of ''and'', the defendant could have urged his objection with equal plausibility as he urges it now. Whichever of these words might be used in a given case, no one could say that its use was either more favorable, or less, to the defendant than the use of the other would have been.

The foregoing comprises the principal points argued by the appellant. In our judgment none of them are tenable.

The judgment below is accordingly affirmed.

FAVILLE, C. J., and STEVENS, ALBERT, MORLING, KINDIG, WAGNER, and GRIMM, J., concur.