STATE of Iowa, Appellee,

v.

**Kendon Drent CAPPER, Appellant.**

No. 94–641.

Supreme Court of Iowa.

Oct. 25, 1995.

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, and Michael W. Mahaffey, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN and ANDREASEN, JJ.

ANDREASEN, Justice.

Kendon Drent Capper appeals from his convictions for sexual abuse in the second degree and lascivious acts with a child. He urges the convictions were not supported by sufficient evidence, the trial court improperly allowed hearsay testimony, the court improperly denied him credit for time spent in the Iowa Medical and Classification Center at Oakdale (IMCC), and that he received ineffective assistance of counsel at trial. We affirm and remand for order granting proper credit on the sentences.

### I. Sufficiency of the Evidence.

Capper was charged by trial information filed in March 1993 with two counts of sexual abuse of K.V., in violation of Iowa Code sections 709.1 and 709.3(2) (1991), and one count of lascivious acts with a child, N.S., in violation of Iowa Code section 709.8. The essential elements of the charged crime of sexual abuse in the second degree are (a) the defendant performed a sex act with another person, and (b) the other person was under the age of twelve. Iowa Code §§ 709.1, 709.3(2). A "sex act" means sexual contact and includes contact between the genitalia of one person and the genitalia or anus of another, or contact between the finger or hand of one person and the genitalia or anus of another. Id. § 702.17. Skin-to-skin contact is not required. State v. Pearson, 514 N.W.2d 452, 455 (Iowa 1994). "The sexual nature of the contact can be determined from the type of contact and the circumstances surrounding it." Id. The essential elements of the charged crime of lascivious acts with a child are (a) the defendant, with or without the child's consent, fondled or touched the pubes or genitals of the child, (b) the defendant did so with the specific intent to arouse or satisfy the sexual desires of either of them, (c) the defendant was then eighteen years of age or older, and (d) the child was then under the age of fourteen years. Iowa Code §§ 702.5, 709.8.

At trial Capper requested a directed verdict and a judgment of acquittal after the State rested and also after all evidence had been offered. The court denied the request. The jury found Capper guilty on all charges.

In determining the sufficiency of the evidence to support a guilty verdict, our standard of review is well established. *State v. Liggins,* 524 N.W.2d 181, 186 (Iowa 1994). We uphold the jury's verdicts unless the record lacks substantial evidence to support the charges. *Id.* Substantial evidence means evidence that could convince a rational jury that the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.*

A. Admissions and Confessions.

The key evidence at trial was the admissions and confessions of Capper and the testimony of the children, K.V. and N.S. Capper argues his confessions were not corroborated and that the children's testimony was inconsistent, self-contradictory, and lacking in detail. He urges the children's testimony was so lacking in credibility that it would not corroborate the confessions or support the guilty verdicts. *See State v. Smith,* 508 N.W.2d 101, 103–04 (Iowa App.1993).

The admissions and confessions arose from two interviews of Capper prior to the filing of the criminal charges against him. The first interview was conducted on January 25, 1993 by Deputy Sheriff John Griffin along a road near Capper's lake cabin. The interview lasted approximately fifteen minutes. Griffin testified he told Capper he wanted to visit with him concerning reports of sexual abuse of K.V. and N.S. Capper admitted he was with the girls at his cabin at the lake, he had touched the girls in the breast and vagina area, and he had shown them sexually explicit movies. He wrote and signed a statement: "I did do some of this, no intercourse, played with them only. Touched there brests and vagina."

The second interview was conducted on February 5 in the sheriff's office. Griffin asked Capper to come to the office to be interviewed by him and a child abuse investigator from the department of human services, Rebecca Burke. Capper voluntarily came to the office and was questioned by both Burke and Griffin. The interview lasted approximately thirty minutes. Griffin taped the interview and later transcribed the taped conversation. A copy of the transcript was provided to Capper prior to trial. Both Burke and Griffin testified as to admissions and confessions made by Capper and their observations of him during the interview. In addition the seven-page transcript was identified as an exhibit and admitted as evidence during the trial.

■ We have recognized a distinction between a confession and an admission. *State v. Davis,* 212 Iowa 131, 134, 235 N.W. 759, 761 (1931). "[A] *confession* comprises the whole criminal charge; whereas an admission relates only to a particular fact or circumstance covered thereby." *Id.* To constitute a confession the admissions or declarations must amount to an acknowledgement of the guilt of the offense charged. *State v. Abrams,* 131 Iowa 479, 484, 108 N.W. 1041, 1043 (1906).

■ The trial court treated Capper's admissions as a confession and instructed the jury "the confession of a defendant will not warrant a conviction unless accompanied with other proof that the defendant committed the offense." *See* Iowa R.Crim. P. 20(4). The existence of corroborative evidence is a question of law for the court; its sufficiency is ordinarily for the jury. *Liggins,* 524 N.W.2d at 187. "Corroboration need not be strong nor need it go to the whole case so long as it confirms some material fact connecting the defendant with the crime." *State v. White,* 319 N.W.2d 213, 214 (Iowa 1982). From our review of the record, we find corroborative evidence was presented at trial. Corroboration of the testimony of a victim is not required. Iowa R.Crim. P. 20(3).

In determining the sufficiency of the evidence we consider each count separately.

B. Sexual Abuse—K.V.—Capper's Cabin.

Capper admitted to Griffin and Burke that he touched K.V. "on the clothing and under the clothing too" when K.V. and other children spent the night at his lake cabin in the summer of 1992. He had shown movies of adults having sexual intercourse to K.V., N.S., and N.S.'s brother. Capper talked to K.V. about her being the dark-haired girl in the movie and he being the dark-haired man who were having sex. He rubbed K.V.'s vagina and, while under a blanket, K.V.

rubbed her vagina on his penis while his clothing was off. He was thirty-three years old on February 22, 1992.

In addition to Capper's admissions, K.V. testified she had stayed overnight at Capper's lake cabin. They watched porno movies, adults without their clothes on doing "bad things." Capper touched her vagina with his hand and his private part, penis. He told her "don't tell nobody." While watching the movie Capper would say "this is me and you" while pointing to the people on the screen.

K.V.'s mother testified her daughter was seven years old on May 28, 1992. She remembered there was just one night in the summer of 1992 that K.V. stayed overnight with Capper and other children at his lake home. Capper's mother had babysat K.V. and her younger sister during the period from March 1990 until July of 1992. She first learned of the allegations against Capper from deputy Griffin on January 16, 1993.

### C. Sexual Abuse—K.V.—K.V.'s Home.

Capper admitted to Griffin and Burke a second incident with K.V. in 1992. He was watching K.V. while her mother was at the store. K.V. was on top of him in her underwear while he didn't have anything on. He said she was awake for awhile and then went to sleep on top of him. He admitted to Griffin that while K.V. laid on top of him he had rubbed his penis against her. In addition to Capper's admissions, K.V. testified he rubbed her on the top and bottom of her private parts, her vagina, with his hands at her home while her mother was at the grocery store.

### D. Lascivious Act With Child—N.S.— Capper's Cabin.

Capper admitted to Griffin and Burke that while N.S., her brother, and K.V. were watching movies at his lake cabin in the summer of 1992 he rubbed N.S.'s vagina. At the first interview he admitted to Griffin that he had touched N.S. in the breast and vagina area.

N.S. was eleven years old in the summer of 1992. In addition to Capper's admissions, she testified Capper first started rubbing her stomach and then put his hand on her crotch, her vagina, while they were watching dirty movies. He told her not to tell anyone because he would have to go to jail. N.S. stated that she was wearing clothing at the time.

### E. Conflicting Evidence.

A jury is free to believe or disbelieve testimony as it chooses and to give weight to the evidence as in its judgment the evidence should receive. *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993). The jury is to decide the facts from the evidence. The court instructed the jury that it could consider:

1. Whether the testimony is reasonable and consistent with other evidence, you believe.

2. Whether a witness has made inconsistent statements.

3. The witness's appearance, conduct, age, intelligence, memory and knowledge of the facts.

4. The witness's interest in the trial, their motive, candor, bias and prejudice.

We have stated "[t]he very function of the jury is to sort out the evidence presented and place credibility where it belongs." *State v. Blair*, 347 N.W.2d 416, 420 (Iowa 1984).

Capper's counsel vigorously cross-examined both children. K.V. and N.S. gave inconsistent statements, stated they did not remember, and made statements in conflict with one another. In addition, counsel used and introduced prior sworn statements to impeach their testimony. Neither child reported improper touching to a parent after the alleged incidents. The trial court properly allowed the jury to determine the credibility of the witnesses and the weight to be given the evidence. *See State v. Frommelt*, 159 N.W.2d 532, 535 (Iowa 1968); *McVay v. Carpe*, 238 Iowa 1131, 1138, 29 N.W.2d 582, 585 (1947).

We find there is sufficient evidence to support the crimes charged against Capper. Based upon his admissions and confessions, the corroborative evidence, and all other evidence, a rational jury could find Capper

guilty of the criminal charges beyond a reasonable doubt. The court did not err in denying his motion for a directed verdict.

## II. *Hearsay Testimony—Prior Consistent Testimony.*

The criminal charges against Capper were filed in March of 1993. On his motion the court ordered depositions of K.V. and N.S. be permitted. The depositions were taken on July 9. Trial commenced on February 1, 1994 and guilty verdicts were returned the following day. At trial Capper's counsel conducted extensive cross-examination of K.V. and N.S. challenging their credibility. He also introduced portions of the pretrial depositions. In the depositions K.V. denied Capper touched her with his hands or with his penis and N.S. denied Capper had at any time tried to touch her breast or to rub her in the vagina area. Capper's counsel implied the children changed their story after he had deposed them.

Later during the trial, the court allowed Griffin to testify as to statements made by N.S. to him prior to January 25, 1993 over Capper's objection that the statements would be hearsay. Griffin testified that when he first discussed the allegations with N.S. she said Capper had touched her in the breast area and vagina area while she was at Capper's lake cabin.

Griffin also testified he had previously discussed with K.V. the allegations. When asked if what she told him was consistent with what Capper did, he said it was. Capper's objection to the question was that it called for hearsay and that the prejudicial effect outweighs the probative value.

■ Under Iowa law a statement is not hearsay if the declarant testifies at trial and is subject to cross-examination concerning the statement, and the statement is consistent with the declarant's testimony and is offered to rebut an express or implied charge of recent fabrication or improper influence or motive. Iowa R.Evid. 801(d)(1)(B); *State v. Brotherton*, 384 N.W.2d 375, 380 (Iowa 1986). The application of this evidentiary rule has been modified by our decision, *State v. Johnson*, —— N.W.2d —— (Iowa 1995), filed this

same date. Because the prior consistent statements involved in this case were made prior to the impeaching deposition statements made in July of 1993, the adoption of the bright-line rule in *Johnson* does not prevent the court from allowing the prior statements. It was not error to allow testimony as to N.S.'s prior consistent statements.

■ As to prior statements of K.V., the question did not ask what the child had stated but inquired as to whether her statements were consistent with what Capper did. No objection was made as to the form of the question. The court did not err in overruling Capper's objection.

## III. *Credit for Time at IMCC.*

Before trial Capper gave notice that he might rely on the defenses of insanity or diminished responsibility. Later he applied to the court for an order allowing his examination at public expense to determine his mental competency at the time of the alleged offenses. The court had previously determined he was indigent and legal counsel had been appointed for him. On October 6, 1993, the court granted the application and ordered that the sheriff transport him to IMCC to undergo psychiatric and physical examination and evaluation. Later in October the sheriff transported him to IMCC. He remained at IMCC until December when he was released to the sheriff and returned to Poweshiek county.

At the time of sentencing and entry of judgments on the verdicts, Capper requested he be given credit on his sentences for the time he was at IMCC. The court is required to incorporate into the sentence a statement of the days to be credited. Iowa Code § 901.6 (1993). The court allowed 115 days credit for time spent in the county jail but denied his request for additional credit because the examination and evaluation had been made at Capper's request. On appeal he claims the court improperly denied the requested credit.

Iowa Code section 903A.5 provides in part:

An inmate shall be deemed to be serving the sentence from the day on which the inmate is received into the institution.

However, if an inmate was confined to a county jail or other correctional or mental facility at any time prior to sentencing, or after sentencing but prior to the case having been decided on appeal, because of failure to furnish bail or because of being charged with a nonbailable offense, the inmate shall be given credit for the days already served upon the term of the sentence.

The IMCC is a correctional institution of the Iowa department of corrections. *Id.* §§ 904.102,.201. Persons may be admitted at the institution who are referred to the institution by the courts. *Id.* § 904.201(3)(c).

We have held that voluntary time spent in securing alcohol treatment need not be credited by the court in an operating while intoxicated sentencing. *State v. Wiese,* 342 N.W.2d 858, 860 (Iowa 1984). The time spent in an alcohol treatment facility will apply only if the defendant is committed to the treatment by the court, not when the defendant voluntarily enters the treatment center after his arrest. *Id.* However, an inmate may be entitled to credit for time served in a jail or other correctional or mental facilities prior to sentencing. *State v. Harrison,* 468 N.W.2d 215, 217 (Iowa 1991).

In its order for evaluation of Capper the court directed the transportation and examination be done "at the expense of the State of Iowa and to be done with guard, if necessary." It was further ordered:

That the defendant at all times pertinent hereto is to remain under the custody of this court and that upon completion of said evaluations and examinations, the defendant shall be transported back to the immediate custody of the agency formerly charged with his custody.

■ Although Capper may have been out on bail at the time he made application for examination and evaluation, he was committed to the institution by court order. He was in the physical custody of the sheriff while being transported to and from the state institution and was in the custody of the institution and the court while at IMCC. Under these circumstances he is entitled to credit for days he was in custody of the sheriff and the court. We must remand for modification of the sentencing order to give him proper credit.

## IV. *Ineffective Assistance of Counsel.*

■ Appellate counsel claims trial counsel failed to provide Capper with effective legal representation. Customarily such claims are preserved for postconviction proceedings. *State v. Ray,* 516 N.W.2d 863, 865 (Iowa 1994). They may be resolved on direct appeal when the record adequately addresses the issues. *Id.* Our review of ineffective assistance of counsel claims is de novo. *Id.* Capper claims trial counsel was ineffective in failing to request lesser included offense instructions and in failing to redact, edit, or delete portions of the transcript of his February 5 interview with Griffin and Burke.

### A. Lesser Included Offenses.

■ The trial court is required to instruct the jury both as to offenses charged and all lesser included offenses. Iowa R.Crim. P. 6(3). Counsel has no duty to request lesser included offenses where such a request would be inappropriate. *Ray,* 516 N.W.2d at 866. Counsel's failure to request the court submit lesser included offenses to the charges of second-degree sexual abuse is not ineffective assistance of counsel.

■ We have held sexual abuse in the third degree, assault with intent to commit sexual abuse, and simple assault are not lesser included offenses of sexual abuse in the second degree under Iowa Code section 709.3(2). *State v. Constable,* 505 N.W.2d 473, 475–77 (Iowa 1993). Nor do we find lascivious acts with a child under Iowa Code section 709.8 or indecent contact with a child under Iowa Code section 709.12 are lesser included offenses. Both fail to satisfy the elements test of a lesser included offense as expressed in *State v. Jeffries,* 430 N.W.2d. 728, 740 (Iowa 1988). Both require the defendant act with the specific intent to arouse or satisfy sexual desires, an element not required to prove the greater offense of sexual abuse. It is possible to commit the greater offense, sexual abuse, without also committing the lesser offenses. *See State v. Finnel,* 515 N.W.2d 41, 43 (Iowa 1994).

■ However, indecent contact with a child is a lesser included offense of lascivious acts with a child. Without determining the validity of the claim of ineffective assistance of counsel for failure to request the submission of the lesser included offense, we preserve the claim for possible postconviction proceedings.

**B. Editing Transcript.**

The transcript of Capper's admissions made on February 5 contained references, in the questions asked him, of a doctor's physical examination of K.V. showing physical signs of penetration. The jury was not instructed that a sex act included penetration because there was no evidence in the record to support the submission. Based on the record before us, we are unable to determine if counsel failed to perform an essential duty or if prejudice resulted from the failure to request redacting, editing, or deleting the objectionable references. We preserve for postconviction proceedings this issue.

**V. *Disposition.***

We affirm the convictions, remand to the district court for an order providing the appropriate credit for time served, and preserve the ineffective counsel issues as provided in this opinion.

**AFFIRMED; REMANDED FOR ORDER GRANTING PROPER CREDIT ON SENTENCES.**