**STATE of Iowa, Appellee,**

v.

**Denise Shelly RODENBURG, Appellant.**

No. 96–838.

Supreme Court of Iowa.

April 23, 1997.

Linda Del Gallo, State Appellate Defender, and Christopher Cooklin, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Richard Crowl, County Attorney, and Kenneth Tyler and Matthew Perry, Assistant County Attorneys, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

### PER CURIAM.

Denise Rodenburg appeals from her conviction, following a guilty plea, for operating while intoxicated (OWI), first offense, in violation of Iowa Code section 321J.2(2)(a) (1995). Rodenburg contends the sentencing court erred in failing to give her credit for time served, particularly for time she spent in custody after her arrest and prior to being taken to jail. We affirm.

■ A sentence will be reversed on appeal only upon a showing that the trial court abused its discretion. *State v. Garrow*, 480 N.W.2d 256, 259 (Iowa 1992). An abuse of discretion will not be found unless the defendant shows that the court's discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.*

The police arrested Rodenburg for OWI, first offense. She was taken to the law enforcement center where she consented to a breath test. Rodenburg had an alcohol level of .212, well over the .10 limit in section 321J.2. Rodenburg was then advised of her *Miranda* rights and refused to answer any questions.

According to the minutes of testimony, police transported Rodenburg to the hospital for evaluation or treatment after "they were advised by the Sheriff's Department that the Judicial Referee, Steve Rosman, had called and requested the Defendant be taken to Mercy Hospital." After leaving the hospital, Rodenburg was taken to "County Corrections" (presumably jail) during "the morning hours" of August 30, 1995. The district court's criminal calendar shows that on August 30 Rodenburg made her initial appearance; preliminary hearing was set for September 22, 1995, and she was released. The trial information was filed and Rodenburg entered a plea of not guilty on October 30, 1995.

Between January 30 and April 2, 1996, Rodenburg failed to make two scheduled court appearances. She was arrested both times and kept in jail. The record does not reveal how much time she spent in jail on each occasion. On April 2, 1996, Rodenburg pleaded guilty to OWI, first offense, and sentencing was set for April 17. On the day of sentencing Rodenburg appeared in court but left before her case was called. Sentencing was continued to April 25.

At sentencing, the State agreed to recommend a ten-day jail term and a $500 fine.

The district court accepted this recommendation and rendered judgment accordingly. Rodenburg requested credit for time served, and claimed she had "spent around seven days in jail already for this." The district court stated:

> That request is denied. I will take into consideration her failure to appear for previously scheduled sentencing dates.

Rodenburg now argues she should have been credited for the whole time that she was in police custody, as well as any time spent in jail. Thus, she argues the time period during which she was taken to the hospital, was at the hospital, and was returned to jail, should be counted towards calculation of time served. Rodenburg concedes the precise time she spent while under arrest, at the hospital, or in jail cannot be discerned from the record. Rodenburg is not seeking credit for jail time served due to her failure to appear for court dates.

There is no question that any actual time spent in jail by Rodenburg should be credited toward her sentence. This is clearly mandated in Iowa Code section 321J.2:

> 2. A person who violates this section commits:
>
>> a. A serious misdemeanor for the first offense and shall be imprisoned in the county jail for not less than forty-eight hours to be served as ordered by the court, *less credit for any time the person was confined in a jail or detention facility following arrest* . . . .

(Emphasis added.)

Furthermore, Iowa Code section 903A.5 provides:

> if an inmate was confined *to a county jail or other correctional or mental facility at any time prior to sentencing,* or after sentencing but prior to the case having been decided on appeal, because of failure to furnish bail or because of being charged with a nonbailable offense, the inmate shall be given credit for the days already served upon the term of sentence.

(Emphasis added.)

However, in arguing that she should receive credit for time spent in custody outside of the jail Rodenburg asks this court to adopt a more "fluid concept of jail or detention facility incorporating time and space considerations." To support this argument she first cites Iowa Rule of Criminal Procedure 23(5)(b):

> *Credit for time served.* The defendant shall receive full credit for time spent in custody under the sentence prior to correction or reduction.

As "custody" here means being in jail or a detention facility, Rodenburg argues custody is synonymous with jail for purposes of crediting a person's sentence. We disagree. First, this rule is inapplicable to Rodenburg's circumstances because it deals with credit for time served after sentence and before correction of a sentence; it does not speak to time before the initial sentence is imposed. Second, persons in jail or a detention facility are obviously in "custody," but persons under police custody are not necessarily in jail or a detention facility. Thus the word "custody" is not synonymous with the word "jail."

Rodenburg also argues that because a person may be charged with escape from both police custody and a jail or other correctional facility (*see* Iowa Code section 719.4(2)), then that person should similarly be credited for both the time spent in police custody as well as the time spent in the facility. She claims that otherwise the law would create an absurd result. However, the fact that the escape statute lists escape from police custody separately from escape from "a detention facility, community-based correctional facility or institution" shows: (1) the legislature does not equate police custody with institutional custody; and (2) if the legislature wanted the court to credit a sentence with time served in custody, it could have said so by listing it separately in sections 321J.2(2)(a) and 903A.5 as it did under the escape statute.

Finally, Rodenburg argues that *State v. Capper,* 539 N.W.2d 361 (Iowa 1995), supports her theory. In *Capper* we held that the defendant should be credited with time served at Iowa Medical and Classification Center (IMCC) because, according to Rodenburg's focus on the case, he was in "the physical custody of the sheriff while being transported to and from the state institution

and was in the custody of the institution and the court while at IMCC." *Capper*, 539 N.W.2d at 367. It is true that Rodenburg was in police custody when she was taken to the hospital and that a judicial referee had initiated the transport, but this is insufficient to meet the *Capper* qualification for time served. The district court in *Capper* filed an order directing that transportation and psychiatric examination of Capper be done "at the expense of the State of Iowa and to be done with guard, if necessary." *Id.* Capper was taken to IMCC, "a correctional institution of the Iowa department of corrections." *Id.; accord* Iowa Code § 904.102. The *Capper* court paid particular attention to the fact that IMCC was a correctional facility within the meaning of section 903A.5. *Capper*, 539 N.W.2d at 367. The crux of this court's decision was that Capper was committed to a state correctional institution by court order. *Id.* This type of commitment to a state correctional facility did not occur in Rodenburg's case.

■ Rodenburg's attempt to attach a more "fluid concept" to "jail," "detention facility," and "correctional facility" (*see* sections 321J.2(2)(a) and 903A.5) ignores the legal maxim that when statutory language is not ambiguous, or when a statute is plain and its meaning is clear, this court need not search for legislative intent or a meaning beyond the expressed language. *See Sourbier v. State*, 498 N.W.2d 720, 723 (Iowa 1993). The statutory words here are plain and unambiguous and clearly only allow credit for time served in state correctional institutions or detention facilities. (This is not to be confused with situations under section 321J.3 where a defendant may receive credit for time spent in a substance abuse treatment facility under court order. *See State v. Wiese*, 342 N.W.2d 858, 860 (Iowa 1984).) Mercy Hospital, where Rodenburg was taken, was not a correctional institution like IMCC. Nor is physical transport of a person in a patrol car equivalent to detention in a jail or a correctional institution under sections 321J.2(2) and 903A.5. Therefore, the district court did not err in failing to give Rodenburg credit for time she spent in police custody prior to being taken to jail.

■ Of course, if Rodenburg spent any time in jail after her return from the hospital and before her initial appearance, then her sentence should have been credited for this time. The record before us, however, simply does not give any indication of the amount of time, if any, Rodenburg spent in jail following her arrest and before initial appearance.

To prove an abuse of discretion Rodenburg must show the district court exercised its discretion on grounds or for reasons *clearly* untenable or to an extent *clearly* unreasonable. *Garrow*, 480 N.W.2d at 259. Clear abuse of discretion cannot be found on the record in this case. "It is defendant's obligation to provide this court with a record affirmatively disclosing the error relied upon." *State v. Ludwig*, 305 N.W.2d 511, 513 (Iowa 1981). Rodenburg could have provided this court with a supplemental statement of proceedings reflecting the time she returned to the jail, as the jail records would show, and the time she made her initial appearance. This could have been done by creating a bill of exceptions under Iowa Rule of Criminal Procedure 23.1 or by providing a supplemental record on appeal under Iowa Rule of Appellate Procedure 10(d). By failing to provide a record for our review, Rodenburg has waived any claim that she should have been credited for actual time served in jail. *See State v. Christianson*, 337 N.W.2d 502, 504 (Iowa 1983).

Under the plain meaning of the OWI statute, section 321J.2(2)(a), and the reduction of sentences statute, section 903A.5, Rodenburg was not entitled to credit for time spent in custody outside of the jail. Further, Rodenburg has waived any claim regarding credit for actual jail time served because she has not provided a record on appeal upon which such a claim can be assessed. We thus affirm the district court judgment and sentence.

**AFFIRMED.**