# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2451/2526

_____

Randall Steinkuehler,                          *
                                               *
        Petitioner-Appellee,          *
                                               *
                                               *   Appeal from the United States
    v.                                          *   District Court for the
                                               *   Northern District of Iowa.
Herb Meschner,                                 *
                                               *
        Respondent-Appellant.         *
                                               *

_____

Submitted: March 8, 1999

Filed:    May 6, 1999

_____

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and STROM,[*]
    Senior District Judge.

_____

STROM, Senior District Judge.

    Randall Steinkuehler (petitioner), an Iowa inmate, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Iowa after being convicted of first degree murder in an Iowa state

---

[*]The HONORABLE LYLE E. STROM, Senior United States District Judge for the District of Nebraska, sitting by designation.

court. Petitioner asserted eleven separate claims for relief. The District Court granted petitioner relief on two ineffective assistance of counsel claims and denied the remaining claims. Randall N. Steinkuehler v. Meschner, No. C94-4027DEO (N.D. Iowa May 5, 1998) (judgment). Herb Meschner, warden of the Iowa State Penitentiary, appeals that part of the judgment granting relief, claiming the trial court erred in finding that petitioner received ineffective assistance of counsel. Petitioner cross-appeals the denial of his other claims. For reasons stated below, we affirm in part, reverse in part, and remand for entry of judgment in accordance with this opinion.

## I. BACKGROUND

The district court thoroughly set forth the factual and procedural background of this case in its decision below. See Id. (order). Briefly, the background necessary to begin our discussion is as follows. At approximately 9:30 P.M. on December 9, 1987, after a long day of consuming large amounts of alcohol, petitioner shot and killed his girlfriend's ex-husband, DeWayne Mohr, at a bar in Denison, Iowa. Less than one-half hour later, petitioner went to the Crawford County Law Enforcement Center and turned himself in. At trial, petitioner did not deny killing the victim. Rather, he alleged his level of intoxication negated the specific intent required for first-degree murder. Witnesses who either had observed the petitioner prior to or after the shooting testified regarding petitioner's level of intoxication. The jury found petitioner guilty of first-degree murder.

Petitioner unsuccessfully appealed his conviction, State v. Steinkuehler, No. 88-1093 (Iowa Ct. App. Nov. 11, 1989), and was later denied state postconviction relief. State v. Steinkuehler, 507 N.W.2d 716 (Iowa Ct. App. 1993).

## II. DISCUSSION

### A. Failure to Present Evidence

The District Court granted petitioner's first claim for habeas relief. In that claim, petitioner asserts his trial counsel provided ineffective assistance by failing to question the jailer supervisor regarding pressure placed on her by the county sheriff to alter her testimony, and by then failing to impeach the sheriff.

When petitioner went to the Law Enforcement Center after the shooting, he told Sharon Shields (Shields), the jailer supervisor, the police were looking for him. Shields contacted the police and, while awaiting their arrival, observed the petitioner. Prior to trial, petitioner's attorney deposed Shields. At the deposition, Shields testified petitioner appeared dazed and incoherent when he arrived at the Law Enforcement Center. She detected a strong alcohol odor and concluded he must have been intoxicated. Shields had booked petitioner into jail on three prior occasions, yet he did not recognize her. Ultimately, she concluded, based on her training and experience, petitioner was in fact drunk and testified that a statement petitioner made to a fellow employee would be thrown out of court.

Immediately after the deposition, Thomas Gustafson (Gustafson), the county attorney, informed Shields that Don Stehr (Stehr), the county sheriff and Shields' boss, would hear about her testimony. Later that day, Gustafson wrote Shields a letter

3

regarding her testimony and sent a copy of the letter to Stehr. The next day, Stehr confronted Shields about the letter. Stehr told Shields he was not happy about her testimony and indicated she should have said she "forgot" when asked about seeing petitioner. Stehr told her, "he forgets in court all the time." Tr. of Hr'g on Postconviction Relief at 34; J. A. at 116. Shields immediately informed petitioner's trial counsel about Gustafson's letter and Stehr's remarks.

At trial, several witnesses testified regarding petitioner's condition on the night of the killing. The witnesses who observed petitioner prior to the killing, namely, his drinking associates, other bar patrons, and bar employees, all testified petitioner was drunk. Those who observed petitioner after the killing gave varying statements. The police officers that questioned petitioner at the Law Enforcement Center gave inconclusive statements, indicating they smelled alcohol on him, but did not find any chemical testing necessary. Shields indicated she thought he was drunk, while Stehr testified he determined petitioner had been drinking, but was not drunk. Notwithstanding, petitioner's trial counsel did not question either Shields or Stehr about the pressure placed on Stehr to "forget" and the sheriff's practice of forgetting unfavorable evidence. The District Court determined trial counsel's inaction constituted ineffective assistance of counsel.

There being no factual disputes, we review the District Court's determination de novo. United States v. Craycraft, 167 F.3d 451, 454 (8th Cir. 1999); McGurk v. Stenberg, 163 F.3d 470, 473 (8th Cir. 1998).[1] The Sixth Amendment grants criminal

---

[1]The substantive review standards of the Antiterrorism and Effective Death Penalty Act of 1996 do not apply to this appeal because Steinkuehler filed his habeas

4

defendants the right to have effective assistance of counsel. The Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), set forth the now familiar standard for establishing ineffective assistance of counsel.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687. Counsel's performance was deficient if it "fell below an objective standard of reasonableness." Id. at 688. Our review of a counsel's performance is "highly deferential." Id. at 689. Prejudice is established if there is "a reasonable probability that," but for counsel's errors, "the result would have been different." Id. at 694. Both deficient performance and resulting prejudice must be established to satisfy the Strickland standard. Id. at 697.

We agree with the District Court's reasoning and determination that trial counsel's performance was deficient. By not denying shooting Mohr, petitioner's primary defense was his intoxication. Trial counsel did elicit strong evidence from the individuals who observed petitioner prior to the shooting. However, the last point in time any of these lay witnesses observed petitioner was one and one-half hours

---

petition before the effective date of the Act. See Roe v. Delo, 160 F.3d 416, 418 n. 1 (8th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).

before the shooting. The law enforcement personnel, on the other hand, saw petitioner beginning approximately one-half hour after the shooting. A jury could reasonably conclude petitioner sobered up during the one and one-half hours before the shooting. Thus, the testimony of law enforcement personnel was especially critical.

The only law enforcement officers to offer an actual opinion as to petitioner's intoxication level were Shields and Stehr, and their testimony was in direct conflict. Thus, the relative credibility of Stehr and Shields was pivotal to petitioner's defense. As the District Court noted, at this point, "[t]rial counsel had in his hands material for a devastating cross-examination of Sheriff Stehr on critical issues in the case, Steinkuehler's level of intoxication and the Sheriff's policy of forgetting things that would help a defendant." Order at 36-7. Stehr's "routine forgetfulness" clearly impacted his credibility. It evidenced a willingness by the only law enforcement officer who testified petitioner was not drunk to do whatever was necessary to get a conviction.

Appellant argues trial counsel's decision not to develop any testimony in this area was a strategic choice within the reasonable professional judgment allowed under Strickland. At petitioner's postconviction hearing, trial counsel could not recall why he did not pursue this area, and only speculated as to what he may have been thinking. While we are aware our review of counsel's performance is highly deferential, "[i]t borders on the inconceivable that a trial attorney would fail to inform a jury of Sheriff Stehr's dishonesty and win at all costs attitude." Order at 37.

6

We also agree with the District Court's determination that trial counsel's deficient performance prejudiced petitioner. Petitioner faced a first-degree murder conviction unless he could convince the jury he was intoxicated. The testimony of Stehr and Shields on that issue was contradictory. Destroying Stehr's credibility would have placed into question the veracity of the only opinion that petitioner was not intoxicated. Appellant asserts attacking Stehr's testimony would not have affected the jury because other law enforcement officers' testimony was actually more persuasive than Stehr's. App. Br. at 14. However, the testimony appellant refers to consists of inconsistent statements of petitioner's intoxication level, mere observations of petitioner's condition, and a refusal to speculate as to whether petitioner was intoxicated. Thus, as the District Court correctly concluded, petitioner's conviction of first-degree murder primarily rested on Stehr's testimony that petitioner was not drunk. Presenting evidence of the county attorney's letter and the sheriff's ensuing remarks would have certainly provided the jury with a basis for reasonable doubt. We therefore conclude a reasonable probability exists that the result of petitioner's first-degree murder conviction would have been different if trial counsel would have presented evidence of the county attorney's letter and the sheriff's subsequent statements.[2] Petitioner was denied his Sixth Amendment right to effective assistance of counsel.

---

[2]The District Court also determined petitioner was prejudiced because the jury was not allowed to consider the overall fairness and reliability of the entire prosecution as well as Gustafson's credibility and vindictiveness. Having already concluded prejudice exists, we need not address this issue any further.

**B.      Confessions Instruction**

The District Court also found trial counsel was ineffective for failing to request a jury instruction regarding confessions.  At trial, a law enforcement officer testified petitioner, shortly after turning himself in, voluntarily stated, "I am a jealous son of a bitch." J.A. 37.  The pattern Iowa Criminal Jury Instructions include a confessions instruction.[3]  Trial counsel did not request the instruction be given.  Petitioner argues the instruction was necessary to guide the jury as to the statement's proper weight and credibility given petitioner's level of intoxication.  The District Court agreed, finding the statement was an indirect confession and the only direct evidence of petitioner's motive.  We again review the District Court's decision de novo, applying the Strickland standard.

---

[3]The cautionary instruction states:

The defendant cannot be convicted by a confession alone.  There must be other evidence the defendant committed the crime.

In determining the weight and believability of the confession, you should consider:

1.      Defendant's mental capacity and intelligence.
2.      Defendant's mental and emotional state at the time it was made.
3.      Whether it was knowingly and intelligently made.
4.      Whether the defendant understood it.
5.      Any other evidence relating to the confession.

I.C.J.I. 200.16.

8

At the postconviction hearing, trial counsel testified he did not request the cautionary instruction because he did not believe petitioner's statement was a confession. Using the instruction would have drawn attention to the statement and characterized it as a confession. Finally, trial counsel believed there were enough other instructions on intoxication for the jury to consider in evaluating the statement.

Whether trial counsel was legally correct or not, we find he was justified in believing the statement was not a confession. Petitioner did not expressly admit anything other than being a jealous person and clearly did not admit to all of the elements of the crime of first-degree murder. Under Iowa law, "[a] confession is an acknowledgment in express terms by a party in a criminal case of guilt of the crime charged." State v. Schomaker, 303 N.W.2d 129, 130 (Iowa 1981). A confession, unlike an admission, refers to acknowledgment of all the essential elements of the crime charged. State v. Capper, 539 N.W.2d 361, 364 (Iowa 1995); State v. Saltzman, 44 N.W.2d 24, 26 (Iowa. 1950). "Whereas, an 'admission' relates only to a particular fact or circumstance covered thereby." State v. Davis, 235 N.W. 59, 761 (Iowa 1931). Including the instruction would have indicated to the jury that petitioner's statement was in fact a confession. Furthermore, there was other evidence at trial that petitioner and the victim had several previous run-ins, including a discussion about petitioner's girlfriend only hours before the shooting. Characterizing petitioner's jealousy statement as a confession would have allowed the jury to reasonably infer that petitioner may have been meditating about the killing well before the time of the shooting. Such inference would be inimical to petitioner's intoxication defense. In light of these factors, we believe trial counsel's decision was a permissible tactical decision falling "within the wide range of reasonable

9

professional assistance." See Strickland, 466 U.S. at 689. There being no deficiency, we do not need to consider if defendant was prejudiced. Id.

## C.    Other Claims

Finally, petitioner appeals the District Court's denial of his nine additional claims for habeas relief. Having carefully reviewed the record and the parties' briefs, we affirm dismissal of petitioner's remaining claims for the reasons stated by the District Court. See 8th Cir. R. 47B.

## D.    Relief

The District Court's order granting petitioner habeas relief provided the State of Iowa with the option of re-trying petitioner for murder or releasing him. The habeas relief granted herein relates solely to petitioner's intoxication defense. Under Iowa law, voluntary intoxication is not a defense to a crime, but it may negate the specific intent required for first degree murder. See State v. Caldwell, 385 N.W.2d 553 (Iowa 1986). However, voluntary intoxication does not affect the lesser included offense of second-degree murder because second-degree murder does not require the specific intent potentially negated by intoxication. See State v. Hall, 214 N.W.2d 205 (Iowa 1974). Thus, we find the appropriate relief in this case is to remand the matter to the District Court for entry of an order granting the State of Iowa the option of retrying petitioner for first-degree murder or sentencing him for second-degree murder.

## CONCLUSION

For the above reasons, we reverse the District Court with respect to petitioner's second claim and affirm with respect to all other claims. This matter is remanded for entry of judgment in accordance with this opinion.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.