# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-3394

———————

Linda Sue Bryson,                            \*
                                             \*
      Appellant,                      \*   Appeal from the United States
                                             \*   District Court for the
    v.                                   \*   Eastern District of Missouri
                                             \*
United States of America                     \*
                                             \*
      Appellee.                       \*

———————

Submitted: June 11, 2001
Filed: October 3, 2001

———————

Before LOKEN, MORRIS SHEPPARD ARNOLD, Circuit Judges, and. TUNHEIM,[1] District Judge

———————

TUNHEIM, District Judge.

Petitioner Linda Sue Bryson appeals the district court's denial of her petition pursuant to 28 U.S.C. § 2255. For the reasons that follow, we affirm.

On January 12, 1996, Bryson was convicted of conspiring to distribute, and possessing with intent to distribute, more than a kilogram each of methamphetamine

———————

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

and heroin in violation of 21 U.S.C. §§ 841 and 846. Bryson was assessed a managerial role in the offense and was sentenced to 405 months imprisonment. Bryson appealed her conviction and sentence. This Court affirmed Bryson's conviction, but remanded for resentencing after holding that there was insufficient evidence to support the three-level enhancement under § 3B1.1 of the Sentencing Guidelines. United States v. Bryson, 110 F.3d 575, 584-85 (8th Cir. 1997). On resentencing, Bryson received a 260-month term of imprisonment.[2]

Thereafter, Bryson filed a § 2255 petition, presenting eleven issues which she sought to challenge her conviction and sentence. The district court[3] denied all grounds for relief, but issued a Certificate of Appealability ("COA") to appeal the denial of Ground 10 of her motion under § 2255. In Ground 10, Bryson asserts an ineffective assistance of counsel claim in which she alleges thirteen separate failures of her trial and appellate counsel.

To prove a claim of ineffective assistance of counsel, Bryson must demonstrate both that her counsel's performance was deficient, and that counsel's deficient performance prejudiced her defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Steinkuehler v. Meschner, 176 F.3d 441, 445 (8th Cir. 1999). To establish the performance prong of the Strickland test, Bryson must show that her attorney's representation fell below the "range of competence demanded of attorneys in criminal cases." Id. at 688. Our review of counsel's performance is deferential and there is a presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. To establish the prejudice prong of the Strickland test, Bryson must demonstrate "that there is a reasonable probability that, but for

---

[2] Although there are representations in the briefs that Bryson was resentenced to 205 months, a review of the transcript from the resentencing hearing held on July 18, 1997 reveals that Bryson was resentenced to 260 months. (App. at 28).

[3] The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; Fretwell v. Norris, 133 F.3d 621, 623 n.2 (8th Cir. 1998).

The district court summarily dismissed Bryson's ineffective assistance of counsel claim on the basis that "[m]ovant's allegations are brief, conclusory and fail to cite to the record." (App. at 102.) Because Bryson failed to make any affirmative showing of what the evidence or testimony might have been, the court concluded that it could not even begin to apply the Strickland standards on such deficient allegations. (Id. at 102-03.)

On appeal, Bryson does not argue the only issue on which the district court issued the certificate of appealability. We have held that "appellate review is limited to the issues specified in the certificate of appealability." Richardson v. Bowersox, 188 F.3d 973, 982 (8th Cir. 1999) (quoting Carter v. Hopkins, 157 F.3d 872, 874 (8th Cir. 1998); Kellogg v. Skon, 176 F.3d 447, 450 n.2 (8th Cir. 1999). Given Bryson's failure to argue her ineffective assistance of counsel claim, we accordingly affirm the district court's denial of Ground 10 of Bryson's § 2255 motion.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.