# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2540

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Bobby Glenn Banks, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 31, 2010
Filed: April 13, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Bobby Banks appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion to vacate his conviction on drug charges following a jury trial. The district court granted a certificate of appealability on whether the court should have conducted an evidentiary hearing on the motion and whether Banks was deprived of his right to effective assistance of counsel.

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

We reject, as contrary to the record, Banks's argument that counsel was ineffective for not informing him of plea-agreement offers. See United States v. Bryson, 268 F.3d 560, 562 (8th Cir. 2001) (conclusory allegations are insufficient to establish ineffective assistance); David v. United States, 134 F.3d 470, 478 (1st Cir. 1998) (district court was not obliged to credit "threadbare allusions to a phantom plea bargain"). Although Banks argues that he would have proffered an Alford[2] plea if counsel had informed him of the weight of evidence against him, there is no indication that he would have received any benefit from such a plea. Cf. United States v. Regenos, 405 F.3d 691, 693 (8th Cir. 2005) (claim that counsel performed deficiently during plea negotiations failed because movant could not prove result of plea negotiations would have been different had counsel performed adequately). We also agree with the district court that Banks's remaining ineffective-assistance claims fail, as he cannot show a reasonable probability that the result of the proceedings would have been different given the overwhelming evidence against him. See Williams v. United States, 452 F.3d 1009, 1013-14 (8th Cir. 2006) (considerations for determining whether prejudice exists). We find no abuse of discretion in the court's denial of an evidentiary hearing. See Regenos, 405 F.3d at 693-94 (standard of review).

Accordingly, the judgment is affirmed.

_____

_____

[2]North Carolina v. Alford, 400 U.S. 25, 31 (1970).