# IN THE COURT OF APPEALS OF IOWA

No. 21-0633
Filed March 30, 2022

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**RUSSELL ALAN LARSON,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Buchanan County, Bradley J. Harris, Judge.

Russell Larson appeals his convictions on two counts of second-degree sexual abuse. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by May, P.J., and Schumacher and Badding, JJ.

**BADDING, Judge.**

In the summer of 2020, the Iowa Department of Human Services received allegations that Russell Larson sexually abused his daughter.[1]  A social worker notified law enforcement, and a forensic interview of the child was conducted. After the interview, the social worker and a deputy with the local sheriff's office made arrangements to meet with Larson.

When Larson voluntarily reported to the sheriff's office for an interview,[2] the deputy asked Larson why he thought he was there.  Larson responded, "Child abuse."  The deputy then asked, "What kind of child abuse?"  Larson responded, "Uh, sexual touching."  When asked about specifics, Larson explained "what started it" was the child jumping on his lap.  He explained, "she moves around and stuff, and—we—you know she's rubbing it and everything, and she touched it, you know, through my clothes."  Larson stated it started in late spring and only happened a few times.  He elaborated the child touched his penis, and he became aroused.

Upon further questioning, Larson agreed he also touched the child: "I touched her lightly, you know, rubbing her chest and her back—and, down below." The deputy asked whether Larson was referring to the child's vagina, and Larson agreed that he was.  Throughout the interview, Larson made various statements confirming that he rubbed the child's genitals under her clothing.  Larson explained

---

[1] The evidence discloses the child would have been six years old when the abuse began in the spring.

[2] A video of the interview captured by the deputy's body camera was admitted as evidence at trial.  At the start of the interview, the deputy advised Larson the interview was being recorded and read Larson his *Miranda* rights, which Larson waived in writing.

the touching occurred in the living room, and the child saw him in the bathroom naked on one occasion. He later stated the first time it happened, the child saw him in the shower, after which the child sat on his lap in the living room and "wiggled around." Thereafter, the touching progressed to the child touching his penis with her hand. When asked what the child refers to a penis as, Larson answered, "She said something about dog tail." Larson then recounted that, one time when he was shaving, "she washed it" "with soap and a washcloth."

Larson was charged by trial information with two counts of second-degree sexual abuse, one count relating to sexual contact between the child's hand and his genitalia, and the other relating to sexual contact between his hand and the child's genitalia. *See* Iowa Code §§ 702.17(3), 709.1(3), 709.3(1)(b) (2020). The matter proceeded to a bench trial. At trial, the young child testified she was there because Larson was "doing bad to me." The child explained that Larson touched her on the bottom, where she goes pee both over and under her clothes, and under her shirt. When asked how many times Larson touched her where she goes pee, the child answered, "A lot." She said the touching occurred in the living room of the family home while the two were watching a movie. She denied the touching occurred when Larson was helping her go to the bathroom or clean herself. The child also explained Larson has "a tail where he goes potty," and Larson made her help him clean his tail "[a] lot."

Following the State's case-in-chief at trial, Larson generically moved for judgment of acquittal, which the court denied. In closing, defense counsel argued Larson's interview statements were not sufficiently corroborated to support guilty

verdicts. The court disagreed and found Larson guilty as charged. Larson appealed following the imposition of sentence.

While Larson frames his appellate challenge as one to the sufficiency of the evidence, it is really a claim that there was insufficient "other proof" to corroborate his confession or admissions.[3] Drilling this argument down, Larson acknowledges he "admitted that he touched his six-year-old-daughter's vagina and that she touched his penis," but he argues his "confession alone cannot support his conviction" without the required "other proof." He submits "the only corroborating evidence consisted of the testimony of [his] daughter" but "a review of her testimony demonstrates it was inadequate to corroborate his . . . confession." He essentially asserts the young child's testimony was dicey, inconsistent, and fell short of sufficiently corroborating his confession, pointing out that it was elicited primarily through leading questions by the State.

Iowa Rule of Criminal Procedure 2.21(4) provides, "The confession of the defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the defendant committed the offense." *Accord Polly*, 657 N.W.2d at 466. "Corroboration need not be strong nor need it go to the whole case so long as it confirms some material fact connecting the defendant with the crime." *Id.* at 467 (citations omitted). "The State must offer evidence to show the crime has been committed and which as a whole proves [the defendant] is guilty beyond a reasonable doubt. However, the 'other proof' itself does not have

---

[3] Whether his statements amounted to a confession or admission, they are generally treated the same. *See State v. Polly*, 657 N.W.2d 462, 466 n.1 (Iowa 2003). We will refer to his statements as a confession.

to prove the offense beyond a reasonable doubt or even by a preponderance." *Id.* The purpose of the "other proof" is merely to fortify the truth of the confession, without independently establishing the crime. *Id.*

During his interview, Larson admitted he engaged in "sexual touching" with the child that involved the child rubbing his penis—which the child referred to as a "dog tail"—with her hand. On one occasion, according to Larson, the child washed his penis while he was shaving. Larson also admitted to touching the child's genitalia under her clothing. He stated most of this occurred in the living room of the family home while he and the child were watching television. In comparison, the child testified Larson touched her where she goes pee both over and under her clothes. She also stated Larson made her help him clean his tail. She similarly specified most of the touching occurred in the living room of the family home.

On our review, we conclude the child's testimony provided various material facts fortifying the truth of Larson's confession and was sufficient "other proof" to corroborate Larson's statements. The credibility of that testimony was for the district court as the factfinder to determine. *See State v. Capper*, 539 N.W.2d 361, 364–65 (Iowa 1995), *abrogated on other grounds by State v. Hawk*, 616 N.W.2d 527, 530 (Iowa 2000). Being accompanied by other proof that he committed the offense, Larson's confession was sufficient to support his convictions of sexual abuse in the second degree. We affirm.

**AFFIRMED.**