**STATE of Iowa, Appellee,**

v.

**Rodney DOHRN, Appellant.**

**No. 64510.**

Supreme Court of Iowa.

Jan. 14, 1981.

David R. Rasey of Kirkwood & Rasey, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Thomas N. Martin, Asst. Atty. Gen., and Gary G. Kimes, County Atty., for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, LARSON and SCHULTZ, JJ.

McCORMICK, Justice.

Defendant Rodney Dohrn appeals from an indeterminate twenty-five-year sentence which he received upon his guilty plea conviction of sexual abuse in the second degree under section 709.3, The Code. The determinative question is whether the trial court had discretion to impose a lesser sentence. We hold the court did not and therefore affirm.

Sexual abuse in the second degree is a class "B" felony. Section 902.9(1) provides that "[a] class 'B' felon shall be confined for no more than twenty-five years." If the offense is a forcible felony, incarceration is mandatory. § 907.3. Sexual abuse is a forcible felony. § 702.11. Thus the trial court was required to give defendant a prison sentence for his conviction of sexual abuse in the second degree. The dispute concerns whether the court had authority to impose a shorter sentence.

Before adoption of the 1978 criminal code revision, the general statute governing indeterminate sentences provided:

When any person over sixteen years of age is convicted of a felony, except the crime of escape, treason, murder, or any other crime the maximum penalty for which is life imprisonment, the court imposing a sentence of confinement in the penitentiary, men's or women's reformatory *shall not fix the limit or duration of the same, but the term of such imprisonment shall not exceed the maximum term provided by law for the crime of which the prisoner was convicted.*

§ 789.13, The Code 1977 (emphasis added). Under this statute, the court designated only the maximum term established by statute. The duration of imprisonment could not exceed that limit. However, the court did not fix the term to be served. The term served was determined by the parole board. *See State v. Kulish*, 260 Iowa 138, 145, 148 N.W.2d 428, 433 (1967).

Section 789.13 was repealed as part of the 1978 revision. Its counterpart in the present Code provides:

When a judgment of conviction of a felony other than a class "A" felony is entered against any person, the court, in imposing a sentence of confinement, *shall commit the person into the custody of the director of the division of adult corrections for an indeterminate term, the maximum length of which shall not exceed the limits as fixed by section 902.9 nor shall the term be less than the minimum imposed by law, if a minimum sentence is provided.*

§ 902.3 (emphasis added). Defendant contends section 902.3 gives the sentencing court authority to select a maximum limit for the indeterminate term which may be any period less than the limit for the offense in section 902.9. The limit in section 902.9 for a class "B" felony is twenty-five years. The minimum sentence provisions of section 902.7 and 902.8 are inapplicable in this case. Thus, defendant alleges the trial court had discretion to fix a maximum limit less than twenty-five years for his indeter-

minate term. For example, the court could have given him a sentence "not to exceed ten years" or any other number of years less than the maximum. Because the court held it did not have that authority, defendant asserts it erred. He contends he is entitled to have his sentence vacated and be resentenced. He also asserts the sentence was affected by other errors which could be corrected upon resentencing.

■ In construing section 902.3, we start from the premise that the criminal code revision was primarily a restatement of prior law. Not every change in language was intended to signify a change in meaning: "Changes made by revision of a statute will not be construed as altering the law unless the legislature's intent to accomplish a change in its meaning is clear and unmistakable. An intent to make a change does not exist when the revised statute is merely susceptible to two constructions." *Emery v. Fenton*, 266 N.W.2d 6, 10 (Iowa 1978).

We assume, without deciding, that section 902.3 is susceptible to the construction urged by defendant. It is also plainly susceptible to the opposing construction urged by the State. Under repealed section 789.-13, the authority of the board of parole to fix the term of incarceration within the maximum limit was unrestricted. *See State v. Remmers*, 259 N.W.2d 779, 783–84 (Iowa 1977). In the code revision, however, this prerogative was limited in situations where the legislature established a minimum term. *E. g.*, §§ 902.7, .8. The legislature thus preempted the authority of the board of parole to decide the minimum term of incarceration in certain instances. It was necessary for the legislature to modify the indeterminate sentence law to reflect this reality. This accounts for the reference to minimum terms in section 902.7.

■ This reference is entirely consistent with the prior statutory scheme which denied the sentencing court the authority to impose any limit on the term other than the maximum provided by statute. Section 902.3 requires the court in imposing a sentence of confinement to commit the person "into the custody of the director of the

division of adult corrections for an indeterminate term." Just as the board of parole previously determined the duration of the term, section 902.6 provides in relevant part that the prisoner will remain in the director's custody "until released by the order of the board of parole ... or until the maximum term of the person's confinement, *as fixed by law*, has been completed." (emphasis added). The maximum term fixed by law is the limit in section 902.9. The sentencing court lacks authority to establish a lesser maximum sentence. Because section 902.9 is thus susceptible to a construction compatible with prior law, we find it does not enlarge the authority of the court to fix the maximum term of an indeterminate sentence.

A similar conclusion is supported by the legislative history of section 902.9 which the State has outlined in its brief. In the present situation, we need not rely on that history other than to note that it confirms our analysis of legislative intent. *See also* 4 J. Yeager and R. Carlson *Iowa Practice: Criminal Law and Procedure* § 1623 at 356 (1979) ("The indeterminate sentence provision of § 902.3 is carried over from the prior law.").

We hold that the trial court lacked authority to select a maximum indeterminate term of less than twenty-five years. Because incarceration was mandatory in the present case, the other errors which defendant contends affected the court's discretion are moot. His challenge to the sentence is without merit.

AFFIRMED.