STATE of Iowa, Appellee,

v.

Alfred ALLEN, Appellant.

No. 98–1268.

Supreme Court of Iowa.

Oct. 13, 1999.

James A. Schall, Storm Lake, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, and Darin J. Raymond, County Attorney, for appellee.

Considered by CARTER, P.J., and LAVORATO, SNELL, CADY, and SCHULTZ,* JJ.

PER CURIAM.

Defendant, Alfred Allen, appeals from a district court order that amended the sentence imposed following his guilty plea to third-offense operating while intoxicated (OWI), in violation of Iowa Code section 321J.2 (1997). The court increased the sentence from an indeterminate five-year term of incarceration to an indeterminate fifteen-year term to reflect that Allen had also pleaded guilty to being an habitual offender. *See* Iowa Code §§ 902.8, 902.9(2). Allen contends the court could not increase his sentence, which he had already begun to serve, without violating the constitutional prohibition against double jeopardy. U.S. Const. amend.V. We affirm.

Allen pleaded guilty to the OWI charge and to being an habitual offender pursuant to a plea agreement. Under the agreement, Allen also pleaded guilty to driving

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

while barred, and the State agreed to dismiss other charges. The court sentenced Allen to an indeterminate five-year term of incarceration on the OWI count, to be served consecutively to an indeterminate two-year term on the driving-while-barred count. The sentencing order also noted that, pursuant to Allen's status as an habitual offender, he would not be eligible for parole until serving a minimum of three years. *See* Iowa Code § 902.8.

After Allen was committed to the custody of the department of corrections, the department notified the sentencing judge about a problem with the sentencing order. The department pointed out that, pursuant to Iowa Code section 902.9(2), an habitual offender must be sentenced to an indeterminate fifteen-year term of confinement, rather than the five-year term that would ordinarily be imposed for an OWI (third) conviction. Apprised of its error, the court subsequently entered an order amending Allen's sentence to comply with section 902.9(2).

■■■ On appeal, Allen does not dispute that the original five-year sentence imposed by the district court was not authorized by statute, given his conviction as an habitual offender. Nor does he rely on his plea agreement or otherwise challenge the validity of his guilty plea. Allen contends that, because he had begun serving his sentence, the resentencing in his case violates the prohibition against double jeopardy under the Federal Constitution. This prohibition in part protects against multiple punishments for the same offense. *State v. Perez*, 563 N.W.2d 625, 627 (Iowa 1997). We review this constitutional claim de novo. *State v. Ramirez*, 597 N.W.2d 795, 797 (Iowa 1999).

■■■ A sentence not authorized by statute is void. *State v. Wiese*, 201 N.W.2d 734, 737 (Iowa 1972). An illegal sentence is subject to correction at any time under our rules of criminal procedure. Iowa R.Crim. P. 23(5)(a). We have upheld this principle even in cases in which the illegal sentence was more lenient than that allowed by law and when correction of the sentence would result in an increase in the sentence. *See State v. Draper*, 457 N.W.2d 600, 605–06 (Iowa 1990).

The Double Jeopardy Clause does not require that a sentence be given the degree of finality Allen suggests. *See United States v. DiFrancesco*, 449 U.S. 117, 137, 101 S.Ct. 426, 437–38, 66 L.Ed.2d 328, 346–47 (1980). The United States Supreme Court, addressing whether the Double Jeopardy Clause was violated when a judge imposed a statutorily required fine after previously sentencing a defendant to only a term of imprisonment, observed that

> [t]he Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. In this case the court "only set aside what it had no authority to do and substitute[d] directions required by the law to be done upon the conviction of the offender." It did not twice put petitioner in jeopardy for the same offense. The sentence, as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense.

*Bozza v. United States*, 330 U.S. 160, 166–67, 67 S.Ct. 645, 649, 91 L.Ed. 818, 822 (1947) (citations omitted).

We have previously indicated that a plea of former jeopardy cannot be based on a void sentence. *State v. Sefcheck*, 261 Iowa 1159, 157 N.W.2d 128, 132 (1968). This is generally true even if part of the illegal sentence has already been served. *Id.; See also United States v. Davis*, 561 F.2d 1014, 1017–18 (1977); *Thompson v. United States*, 495 F.2d 1304, 1305–06 (1st Cir. 1974); *Garcia v. United States*, 492 F.2d 395, 397–98 (10th Cir.1974); *Caille v. United States*, 487 F.2d 614, 615–16 (5th Cir. 1973); *Orrie v. United States*, 302 F.2d 695, 697–98 (8th Cir.1962); *State v. Fry*, 61 Haw. 226, 602 P.2d 13, 16 (Haw.1979); *Commonwealth v. Jones*, 520 Pa. 385, 554 A.2d 50, 52 (1989), *overruling Common-*

*wealth v. Brown,* 455 Pa. 274, 314 A.2d 506 (1974).

We conclude the district court did not violate the constitutional prohibition against double jeopardy when it resentenced Allen in order to comply with Iowa Code section 902.9(2).

**AFFIRMED.**