**STATE of Iowa, Appellee,**

v.

**Anthony John FORMARO, Jr., Appellant.**

No. 01–0464.

Supreme Court of Iowa.

Jan. 24, 2002.

Charles P. Pritchard, Jr. of the Nading Law Firm, Ankeny, for appellant.

Thomas J. Miller, Attorney General, Kristin Mueller, Assistant Attorney General, John P. Sarcone, County Attorney, and Gary Kendall, Assistant County Attorney, for appellee.

CARTER, Justice.

Defendant, Anthony John Formaro, Jr., convicted on a plea of guilty of the offense of possession of marijuana with intent to deliver as a habitual offender in violation of Iowa Code sections 124.401(1)(d) and 902.9(2) (1999), appeals from the resulting sentence of imprisonment. He urges that

the sentencing judge failed to recognize and thus failed to exercise the discretion vested in him to suspend a portion of defendant's fifteen-year prison term. The State urges that a sentencing judge has no authority to suspend a portion of an indeterminate sentence. We agree with the State's contention and affirm the judgment of the district court.

■ Defendant had been originally charged with several other offenses in addition to the offense of which he was convicted. Pursuant to plea negotiations, the State agreed to dismiss the additional charges in exchange for his plea of guilty to a violation of section 124.401(1)(d) as a habitual offender. As part of the negotiated plea, defendant agreed that he would not ask for probation but would ask the court to suspend ten years of the fifteen-year sentence. The sentencing judge concluded that he had no discretion to suspend a portion of an indeterminate sentence. Defendant asserts that the sentencing judge did have discretion to suspend a portion of his fifteen-year, indeterminate sentence because there is no specific prohibition against doing so, and Iowa Code section 901.5(3) provides that a sentencing judge may "pronounce judgment and impose a fine or sentence the defendant to confinement, or both, and suspend the execution of the sentence *or any part of it* as provided in chapter 907." (Emphasis added.)

■ General sentencing provisions must be read *in pari materia* with specific sentencing statutes. *State v. Goodson*, 503 N.W.2d 395, 398 (Iowa 1993). Defendant was sentenced under Iowa Code section 902.9(2), which orders that a habitual offender "shall be confined for no more than fifteen years." Iowa Code section 902.3 states, in relevant part,

[w]hen a judgment of conviction of a felony other than a class "A" felony is entered against a person, the court, in imposing a sentence of confinement, shall commit the person into the custody of the director of the Iowa department of corrections for an indeterminate term, the maximum length of which shall not exceed the limits as fixed by section 707.3 or section 902.9 nor shall the term be less than the minimum term imposed by law, if a minimum sentence is provided.

This statute is known as the Iowa indeterminate sentencing law.

In *State v. Dohrn*, 300 N.W.2d 162 (Iowa 1981), we determined that the words "shall commit the person into the custody of the director of the Iowa department of corrections for an indeterminate term" created a sentencing scheme under which the board of parole was responsible for determining the ultimate length of confinement. *Dohrn*, 300 N.W.2d at 163–64. We further concluded that the sentencing judge lacked authority to establish a lesser maximum sentence than that established by statute. *Id.* at 164.

The conclusion reached in *Dohrn* is not new. In 1912 an opinion of the attorney general was directed to the warden of the state reformatory. The warden was faced with a sentencing order from a district judge providing that a portion of an indeterminate sentence be suspended. The warden questioned his authority to release the prisoner without regard to the granting of a parole by the board of parole. In informing the warden that he might not release the prisoner absent a granting of parole, the attorney general stated:

The power to suspend a sentence is quite different than the power given to the governor and the board of parole to determine the time a prisoner should be released from the penitentiary or reformatory. This may not be known in advance but should be determined largely by the conduct of the prisoner while in confinement. Indeed, if the order of the

court should stand, it would place in the hands of the district judges of the state the absolute power to nullify the indeterminate sentence law.

1912 Op. Iowa Att'y Gen. 127.

■ We conclude that the language in section 901.5(3), which authorizes a sentencing judge to "suspend the execution of the sentence or any part of it," is only intended to authorize the suspension of a portion of a sentence in regard to determinate sentencing orders. No such authority exists with respect to an indeterminate sentence.[1]

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**

---

1. After July 1, 2001, sentencing judges have authority to bifurcate sentences for certain class "D" felonies and impose a determinate sentence for a portion thereof. 2001 Iowa Acts ch. 165, § 1 (codified as Iowa Code § 902.3A (Supp.2001)). This statute does not affect the present case because it is not retroactive.