**IN THE COURT OF APPEALS OF IOWA**

No. 15-0004
Filed September 23, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRIAN KEITH TULLY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Muscatine County, Thomas G.

Reidel, Judge.


        A defendant appeals his corrected habitual offender sentence.

**AFFIRMED.**


        Mark J. Neary of Neary Law Office, Muscatine, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Darrel Mullins,

Assistant Attorneys General, Alan Ostergren, County Attorney, and Korie

Shippee, Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

Brian Tully challenges the district court's determination that he received an illegally lenient sentence following his guilty plea to possession of methamphetamine third offense, as an habitual offender. He claims the original sentencing court acted within its discretion in imposing an indeterminate five-year prison term for the class "D" felony offense and asks for reinstatement of that sentence. Because the resentencing court correctly determined the habitual offender statutes at Iowa Code sections 902.8 and 902.9(3) (2013) require imposition of a term of no more than fifteen years with a mandatory minimum sentence of three years before eligibility for parole, we affirm.

The State charged Tully with third-offense possession of methamphetamine, a class "D" felony, in violation of Iowa Code section 124.401(5), and also alleged he qualified as an habitual offender under Iowa Code section 902.8, having twice previously been convicted of felonies. Without a plea agreement, Tully appeared in district court on August 19, 2014, and pleaded guilty as charged.

On September 29, 2014, Tully was sentenced to a prison term not to exceed five years, with a three-year mandatory minimum, and a $750 fine. The district court suspended the prison sentence and placed Tully on supervised probation. Neither Tully nor the State appealed. On December 5, 2014, the district court revoked Tully's probation after Tully pleaded guilty to attempted burglary in Henry County. For the attempted burglary, Tully received a two-year prison term, ordered to run concurrently to his previous sentence.

It was not until December 11, 2014, that the State filed a motion to correct the sentencing order in the original methamphetamine prosecution. The motion sought to amend the sentence because it did not reflect Tully's habitual-offender designation. On December 18, 2014, the district court corrected the illegal sentence, finding that pursuant to Tully's guilty plea, he should be committed to the department of corrections for a period not to exceed fifteen years with a minimum of three years before he was eligible for parole. The court also struck the previously ordered fine, citing section 902.9(3). The court ordered the new sentence to run concurrently with his attempted burglary term.

Tully now appeals.

We review sentencing proceedings for correction of errors at law. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). A sentence is illegal if it is not authorized by statute. *State v. Allen*, 601 N.W.2d 689, 690 (Iowa 1999). Under our rules of criminal procedure, an illegal sentence may be subject to correction at any time. Iowa R. Crim. P. 2.24(5)(a); *State v. Louisell*, 865 N.W.2d 590, 595 (Iowa 2015). This principle applies even in cases where the sentence was more lenient than allowed by law and correction results in a longer term. *Allen*, 601 N.W.2d at 690.

On appeal, Tully argues the district was not "prohibited from providing a lesser sentence so long as the sentence was consistent with the parameters set out in section 902.9."

Tully is mistaken. Section 902.9(3) sets a maximum sentence of fifteen years for habitual offenders. "The maximum term fixed by law is the limit in

section 902.9. The sentencing court lacks authority to establish a lesser maximum sentence." *State v. Dohrn*, 300 N.W.2d 162, 164 (Iowa 1981); *see also* Iowa Code § 902.3. Moreover, the original sentencing court lacked authority to suspend any portion of the fifteen-year indeterminate sentence. *See State v. Formaro*, 638 N.W.2d 740, 742 (Iowa 2002). The fine was also illegal. *See State v. Halterman*, 630 N.W.2d 611, 613 (Iowa Ct. App. 2001) (noting section 902.9 does not provide for a fine and finding no separate statute requiring imposition of a fine). Because the original sentence was illegal and void, the district court was required to impose the corrected sentence. *See State v. Ohnmacht*, 342 N.W.2d 838, 842–43 (Iowa 1983) ("When the sentencing judge departed from the legislatively mandated sentence, the pronouncement became a nullity.").

Tully also argues the judge who issued the original sentence should be the judge to decide whether to correct the sentence or "explain the basis" for the prior ruling. We find no support for this claim. All district court judges are cloaked with the full jurisdiction of the district court, including entering or correcting sentences. *See* Iowa Code § 602.6202. The original sentencing judge would have had no discretion to impose a different sentence. We affirm the corrected sentence.

**AFFIRMED.**