CLERK OF SUPREME COURT    APR 05, 2017    ELECTRONICALLY FILED

**IN THE COURT OF APPEALS OF IOWA**

No. 16-0203
Filed April 5, 2017


**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**CHRISTOPHER JEPSEN,**
  Defendant-Appellant.
_____


Appeal from the Iowa District Court for Crawford County, Steven J. Andreasen, Judge.


A defendant challenges his sentence of incarceration, claiming a double jeopardy violation. **SENTENCE CONDITIONALLY AFFIRMED, REMANDED WITH INSTRUCTIONS.**


Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


Considered by Potterfield, P.J. and Doyle and Tabor, JJ.

**TABOR, Judge.**

For more than four years, Christopher Jepsen was mistakenly allowed to serve probation following his conviction for a forcible felony. In 2016, on the State's motion, the district court corrected the illegally lenient sentence and ordered Jepsen to serve a prison term not to exceed ten years. In this appeal, Jepsen contends the court's failure to credit his corrected sentence for the time he served on probation violated double jeopardy.

Because the multiple-punishment protection under the Double Jeopardy Clause turns on legislative intent, we must examine whether Jepsen was entitled to a sentencing credit under Iowa Rule of Criminal Procedure 2.24(5)(b).[1] Finding our examination hindered by a limited record, we conditionally affirm the corrected sentence and remand with directions for the district court to determine whether Jepsen served any of his probationary sentence in a residential treatment facility or an alternative jail facility. Under rule 2.24(5)(b), Jepsen is entitled to "full credit" for any time spent in "custody" in those facilities, but he is not entitled to credit for time otherwise spent under supervised probation.

## I. Facts and Prior Proceedings

On August 24, 2011, a jury convicted twenty-five-year-old Jepsen on two counts of third-degree sexual abuse, class "C" felonies. On count I, the jury

---

[1] Article V, section 14 of the Iowa Constitution charges our legislature with the duty to provide "a general system of practice" for the state courts. *Iowa Civil Liberties Union v. Critelli*, 244 N.W.2d 564, 568 (Iowa 1976). In turn, the legislature has endowed our supreme court with the authority to prescribe rules of criminal procedure. *See* Iowa Code § 602.4201(3)(b) (2015). The supreme court's authority is subject to rulemaking procedures established by the legislature. *Id.* § 602.4202. The rules have the same force and effect as statutes. *State v. Mootz*, 808 N.W.2d 207, 221 (Iowa 2012). And the courts are obligated to interpret the rules "pursuant to their original intent." *See State v. Liddell*, 672 N.W.2d 805, 816 (Iowa 2003) (Cady, J., specially concurring).

found Jepsen performed a sex act in 2010 with E.G., who was fourteen or fifteen years old at the time. *See* Iowa Code § 709.4(2)(c) (2009). On count II, the jury decided Jepsen performed a sex act in 2010 with H.B., who was thirteen years old. *See id.* § 709.4(2)(b). On September 11, 2011, the court entered judgment and sentenced Jepsen to indeterminate terms not to exceed ten years on each count, to run consecutively for an indeterminate twenty-year term. Under section 907.3(3), the court then suspended the prison sentences, placing Jepsen on probation for five years to the Third District Department of Correctional Services upon the terms and conditions required by his probation officer. Among those conditions, the sentencing order recognized Jepsen could be placed in a residential treatment facility at the probation officer's discretion.

In October 2014, the State filed an application to revoke Jepsen's probation due to his admitted use of the internet to obtain pornographic images of children. While investigating the probation violation, the State noticed the illegality of Jepsen's original sentence on count II. Specifically, because H.B. was thirteen years old, this conviction was a forcible felony, and a person convicted of a forcible felony was not eligible for a suspended sentence. *See id.* § 702.11. In December 2015, the State filed a motion to correct the illegal sentence. The court ordered an updated presentence investigation (PSI) report. Jepsen resisted the motion, arguing double jeopardy should prevent the court from correcting his sentence at such a late date and also requesting "credit for his time served on probation from 9/26/11 through the present"—but trial counsel did not link the double-jeopardy argument to the credit request as Jepsen now does on appeal.

At the hearing on the State's motion, the court found the original sentence on count II was illegal and void because the sentencing court did not have the authority to suspend the sentence and order probation. The court then told the parties it "would stand by the general rule that double jeopardy arguments generally cannot be applied when the sentence is void."

The court conducted a full resentencing hearing, noting it had all sentencing options available to it. The court referenced the updated PSI report and the materials filed by the State for an anticipated revocation hearing. The court's January 29, 2016 corrected judgment and sentencing order voided the conflicting portions of the original sentence and imposed indeterminate ten-year terms of incarceration on each count, to run concurrently. The court gave Jepsen credit for time served in the county jail, but it did not grant his request for credit for time served on probation under section 907.3(3) and *Anderson v. State*, 801 N.W.2d 1, 4 (Iowa 2011). The court explained: "[F]rom a procedural standpoint, this is a new sentence. Mr. Jepsen is not being sent to prison based upon a revocation of that probation under section 907.3[(3)], which was applied by the *Anderson* case. That is where the credit is received following a revocation of probation." Based on the new sentence, the court dismissed the State's application for probation revocation as moot on February 1, 2016.

Jepsen now appeals, claiming his trial attorney rendered ineffective assistance "because she failed to argue the Double Jeopardy Clause . . . requires that Jepsen receive credit against his corrected sentence of incarceration for all of the nearly four years that he spent on probation under the illegal sentence."

## II.    Scope of Review/Preservation of Error

Jepsen is challenging the constitutionality of his corrected sentence. We review double-jeopardy claims de novo. *State v. Stewart*, 858 N.W.2d 17, 19 (Iowa 2015). Jepsen raises the claim as ineffective assistance of counsel. But the State acknowledges we may directly review Jepsen's constitutional challenge to the corrected sentence because the illegality of a sentence may be raised at any time under Iowa Rule of Criminal Procedure 2.24(5)(a). *See State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009) (holding a claim "that the sentence itself is inherently illegal, whether based on constitution or statute . . . may be brought at any time"). Accordingly, we need not consider the effectiveness of trial counsel's performance.

## III.    Analysis

It is important to note Jepsen does not dispute that his original sentence was illegal and subject to correction under rule 2.24(5)(a). *See State v. Allen*, 601 N.W.2d 689, 690 (Iowa 1999); *State v. Ohnmacht*, 342 N.W.2d 838, 843 (Iowa 1983). Neither does he argue that he had discharged his sentence, making it too late for a corrected sentence.[2] When a court corrects an illegal sentence, our rules provide the defendant "shall receive full credit for time spent in custody under the sentence prior to correction." Iowa R. Crim. P. 2.24(5)(b). In this appeal, Jepsen contends he was entitled to credit for the time he spent on probation before the January 2016 resentencing hearing.

---

[2] Where a defendant has discharged his or her sentence, double jeopardy principles prevent the court from modifying the sentence to include an additional probationary term. *State v. Houston*, No. 09-1623, 2010 WL 5050564, at *4 (Iowa Ct. App. Dec. 8, 2010).

Jepsen premises his demand for a sentencing credit on the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.[3] Among other protections, the Double Jeopardy Clause prohibits "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *narrowed on other grounds by Alabama v. Smith*, 490 U.S. 794, 795 (1989). In the context of multiple punishments, the purpose of the Double Jeopardy Clause is "limited to ensuring that the total punishment [does] not exceed that authorized by the legislature." *Jones v. Thomas*, 491 U.S. 376, 381 (1989) (citation omitted); *see also Missouri v. Hunter*, 459 U.S. 359, 368 (1983) ("Where Congress intended, as here, to impose multiple punishments, imposition of such sentences does not violate the Constitution." (citation omitted)). Under *Pearce*, "the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." 395 U.S. at 718–19. *Pearce* also advised "the same principle obviously holds true whenever punishment already endured is not fully subtracted from any new sentence imposed." *Id.* at 718. The crediting principle from *Pearce* has been applied to a new sentence imposed for the same conviction after a successful challenge by the prosecution. *See United States v. Martin*, 363 F.3d 25, 37 (1st Cir. 2004); *United States v. McMillen*, 917 F.2d 773, 777 (3d Cir. 1990).

---

[3] "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. The Fifth Amendment applies to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794–96 (1969). We note the Iowa Constitution also has a double jeopardy clause, but its protections are limited to defendants who have been acquitted. *See* Iowa Const. art. I, § 12 ("No person shall after acquittal, be tried for the same offence.").

The State concedes if Jepsen "served time in prison, in jail, or under some other level of restraint comparable to incarceration" he would likely receive credit against his new sentence. But the thorny question is whether Jepsen is entitled to receive credit for his time served on probation. Probation is a form of punishment—on this point, Jepsen and the State agree. *See Toyosaburo Korematsu v. United States*, 319 U.S. 432, 435 (1943) (describing probation as "an authorized mode of mild and ambulatory punishment" intended as a "reforming discipline"). But the State says Jepsen is not entitled to credit for his probationary sentence because "the restrictions imposed cannot be equated with incarceration," citing *Trecker v. State*, 320 N.W.2d 594, 595 (Iowa 1982) (ruling defendant, after probation revocation, was not entitled to sentencing credit for time spent on probation as no statute authorized credit), *superseded by statute*, 1996 Iowa Acts ch. 1193, § 19 (codified as amended at Iowa Code § 907.3(3) (1997)) (providing sentencing credit upon probation revocation where defendant was committed to the judicial district department of correctional services for supervision or services), *as recognized in Anderson*, 801 N.W.2d at 4–5 (granting credit for time served subject to electronic monitoring and home supervision), *superseded by statute*, 2012 Iowa Acts ch. 1138, § 91 (codified as amended at Iowa Code § 907.3 (2013)),[4] *as recognized in State v. Walden*, 870 N.W.2d 842, 845 (Iowa 2015).

---

[4] As of the 2012 amendment, Iowa Code § 907.3(3) now provides:
> [T]he court may suspend the sentence and place the defendant on probation upon such terms and conditions as it may require including commitment to an alternate jail facility or a community correctional residential treatment facility to be followed by a period of probation . . . or commitment of the defendant to the judicial district department of correctional services for supervision or services . . . at the level of

Jepsen relies on *Martin* for the proposition that because a probationary sentence is "a punishment already exacted" for his offense, it must be credited against the new sentence of imprisonment imposed after the State's motion to correct his illegal sentence. *See* 363 F.3d at 37. In *Martin*, the First Circuit Court of Appeals held while probation and imprisonment are "different types of sentences, each restricts a defendant's liberty (albeit to varying degrees) over a specific period of time, allowing the sentencing court to compare the degree and length of restriction when determining the proper amount of credit." *Id.* at 38. The *Martin* court remanded for resentencing under the federal sentencing guidelines, stating "'fully crediting' probation against a subsequent sentence of imprisonment, *Pearce,* 395 U.S. at 717–18, does not require a day-to-day offset against time to be served in prison" and holding the amount of credit depended upon the specific conditions of the defendant's probation. *Martin*, 363 F.3d at 39–40.

Jepsen's enthusiasm for the *Martin* opinion wanes at the point of the remedy. He argues: "[I]t is impossible to conceive of any formula for equating a certain number of days on probation to a single day of incarceration that is not completely arbitrary." Jepsen maintains *Pearce* requires "full credit" for the time he spent on probation under his first sentence. 395 U.S. at 717–18.

The State balks at Jepsen's suggestion that he should receive credit on his prison term at a one-to-one ratio for every day spent on probation, believing

sanctions [the] department determines to be appropriate . . . . A person so committed who has probation revoked shall not be given credit for such time served. However, a person committed to an alternate jail facility or a community correctional residential treatment facility who has probation revoked shall be given credit for time served in the facility.

instead the difficulty in crafting a non-arbitrary formula for subtracting some fraction of the days on probation from the prison sentence "illustrates the folly of *Martin*." The State prefers the approach taken by the Illinois Supreme Court in *People v. Whitfield*, which held "a defendant sentenced to probation, and then sentenced to imprisonment for the same offense, is not subjected to an unconstitutional second punishment for double jeopardy purposes and, therefore, is not entitled to credit for time spent on probation." 888 N.E.2d 1166, 1176 (Ill. 2007). The *Whitfield* court opined, under Illinois law, "probation is not a 'punishment' in the same sense as imprisonment is a punishment." *Id.* (noting legislature recognized a distinction by statute mandating credit for time spent in prison but instructing credit for time spent on probation was discretionary).

The parties' competing positions offer us an all-or-nothing solution—*either* remand for the district court to subtract more than four years from Jepsen's indeterminate ten-year prison sentence to compensate for the time he spent on supervised probation, even though such probation was a much less demanding punishment than prison, *or* affirm and leave Jepsen with zero days of credit, even though he endured the conditions of his probation for nearly the entire five-year term. Neither position is wholly satisfying. The first option undercuts the length of the prison sentence our legislature intended for the forcible felony of sexual abuse against a thirteen-year-old child. The second option appears to ignore the full-credit principle from *Pearce*, 395 U.S. at 718–19. To reconcile these positions, we turn to our case law interpreting the prohibition against multiple punishments.

We implement the principles of the Double Jeopardy Clause as developed in *Pearce* and its progeny by asking: what punishment did our legislature intend in this situation?  *See State v. Finnel*, 515 N.W.2d 41, 43 (Iowa 1994) ("[T]he question of what punishments are constitutionally permissible is no different from the question of what punishments the legislature intended to be imposed." (citation omitted)).  In other words, we must ask whether the total punishment imposed on Jepsen exceeded the punishment authorized under Iowa law.  *See id.*  Although the parties do not discuss rule 2.24(5)(b), it provides the foundation for determining what credit the legislature intended the courts to provide to a defendant whose illegal sentence has been corrected.  *See* Iowa R. Crim. P. 2.24(5)(b).  The rule directs courts to provide "full credit for time spent in custody under the sentence prior to correction."  *Id.*  Our supreme court has interpreted "custody" in this rule to mean "being in jail or a detention facility," i.e., "institutional custody," as opposed to being in police custody.  *State v. Rodenburg*, 562 N.W.2d 186, 188 (Iowa 1997) (stating this rule "deals with credit for time served after sentence and before correction of a sentence").

The concept of institutional custody is also found in the statute governing probation revocation.  *See* Iowa Code § 907.3(3) (2013).  We believe the legislative intent would be the same when crediting a defendant whose probation is revoked as when resentencing a defendant upon a belated discovery that he was not entitled to probation in the first instance.  At the resentencing hearing, Jepsen asked for *Anderson* credit, referring to our supreme court's decision interpreting section 907.3(3) (2011).  *See* 801 N.W.2d at 4.  The *Anderson* court held a convicted sex offender incarcerated after revocation of his probation was

entitled to credit against his prison sentence for time spent living at home under supervised probation wearing an electronic monitoring device. *Id.* at 5 (interpreting post-*Trecker* amendment to section 907.3(3) as allowing sentencing credit for a revoked probationary term where the district's department of correctional services provided supervision or services). Critically, after *Anderson* was filed, the legislature again amended section 907.3(3), this time providing a person *shall not* be given sentencing credit for probation supervised by the district's department of correctional services. *See* 2012 Iowa Acts ch. 1138, § 91 (codified as amended at Iowa Code § 907.3(3) (2013)). But the 2012 amendment made an exception—"a person committed to an alternate jail facility or a community correctional residential treatment facility who has probation revoked shall be given credit for time served in the facility." *See id.* The legislative change essentially equated the credit allowed for probation revocation with the credit allowed for "custody" upon correction of an illegal sentence. *See Rodenburg*, 562 N.W.2d at 188 (discussing "custody" credit and "institutional credit"). *Compare* Iowa Code § 907.3(3) (2013) (probation revocation), *with* Iowa R. Crim. P. 2.24(5)(b) (illegal sentence "custody" credit).

Accordingly, when the court corrected Jepsen's sentence in January 2016, both section 907.3(3) (revocation) and rule 2.24(5)(b) (correction) authorized sentencing credit only for probationary sentences served in an alternative jail facility or a residential treatment facility. *See Crouch v. State*, No. 12-1826, 2013 WL 4011010, at *3 (Iowa Ct. App. Aug. 7, 2013) ("The legislature's deliberate decision [in 2012] to afford sentencing credits for probationary periods in residential facilities indicates a view of placement in such facilities as a punitive

correctional measure."). Based on these expressions of legislative intent, we find the Double Jeopardy Clause requires an award of sentencing credit for any time Jepsen has spent living in those more restrictive facilities but not for time he otherwise has spent on supervised probation outside of such a facility.

Finally, our record on appeal does not include a complete record from the district's department of correctional services showing all the conditions of Jepsen's probation imposed at the discretion of probation officers between September 2011 and January 2016. Thus, we conditionally affirm Jepsen's sentence and remand for a hearing where the parties will provide that missing information to the district court. Any days spent by Jepsen in an alternate jail facility or a community correctional residential treatment facility shall be fully credited against his corrected prison sentence by the district court. We do not retain jurisdiction.

**SENTENCE CONDITIONALLY AFFIRMED, REMANDED WITH INSTRUCTIONS.**



IOWA APPELLATE COURTS

## State of Iowa Courts

**Case Number**
16-0203

**Case Title**
State v. Jepsen

Electronically signed on 2017-04-05 09:00:59