# IN THE SUPREME COURT OF IOWA

No. 20–0126

Submitted January 7, 2021—Filed January 22, 2021

**STATE OF IOWA,**

Appellee,

vs.

**RYAN JACOB WIENEKE,**

Appellant.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Benton County, Christopher L. Bruns, Judge.

On further review from the court of appeals, Defendant challenges his sentence for domestic abuse assault while displaying a dangerous weapon. **DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT SENTENCE VACATED AND REMANDED.**

Per curiam.

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, David C. Thompson, County Attorney, and Tim Dille, Assistant County Attorney, for appellee.

**PER CURIAM.**

Following his guilty plea, Ryan Wieneke was convicted of domestic abuse assault while displaying a dangerous weapon, an aggravated misdemeanor, in violation of Iowa Code sections 708.2A(1) and (2)(*c*) (2019). The district court sentenced Wieneke to an indeterminate term of incarceration not to exceed two years, suspended all but six days of the sentence, and placed the defendant on probation for two years. Wieneke appealed his sentence, and we transferred the matter to the court of appeals. On appeal, Wieneke contended the district court abused its discretion by considering facts outside the sentencing record. The court of appeals concluded the district court did not abuse its discretion and affirmed Wieneke's sentence. *See State v. Wieneke*, No. 20–0126, 2020 WL 5944460, at *3 (Iowa Ct. App. Oct. 7, 2020). In doing so, the court of appeals noted the sentence imposed appeared to be an illegal split sentence, but the court of appeals declined to resolve the issue. *See id.* at *3 n.2.

We granted Wieneke's application for further review. "On further review, we have the discretion to review any issue raised on appeal." *Burton v. Hilltop Care Ctr.*, 813 N.W.2d 250, 255 (Iowa 2012) (quoting *State v. Marin*, 788 N.W.2d 833, 836 (Iowa 2010), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699 (Iowa 2016)). "In exercising our discretion, we can choose which issues to address." *Id.* While the court of appeals took note of the illegal sentence, it declined to correct the sentence because neither party had raised the issue. However, Iowa Rule of Criminal Procedure 2.24(5)(*a*) provides "[t]he court may correct an illegal sentence at any time." Hence, normal rules of error preservation do not apply. We have explained that when a case is on direct appeal, the appellate court may correct an illegal sentence even if the illegality was not

raised in the district court. *See, e.g., State v. Young*, 292 N.W.2d 432, 435 (Iowa 1980) ("If a sentence is illegal for example, a court mistakenly imposes a ten-year term when the statute authorizes a five-year maximum the practice in this state has been for the district court to correct the illegality when it comes to that court's attention, or for this court to do so or to direct the district court to do so when it comes to this court's attention."). Because the illegality in this case is clear, we exercise our discretion to correct it now. We choose to address only this issue. The court of appeals decision is final as to the other issue.

Sentencing is wholly a creature of statute. The district court can impose only a sentence authorized by statute. *See State v. Manser*, 626 N.W.2d 872, 875 (Iowa Ct. App. 2001) (noting the court's power to punish a defendant only extends as far as the Iowa Code authorizes). A sentence not authorized by statute is illegal and void. *See State v. Copenhaver*, 844 N.W.2d 442, 447 (Iowa 2014) ("An illegal sentence is a sentence that is not permitted by statute."); *State v. Shilinsky*, 248 Iowa 596, 603, 81 N.W.2d 444, 449 (1957) ("However, it is well established that imposition of a sentence at variance with the statutory requirements is a 'void act.' Such a sentence may be superseded by a new sentence in conformity to the provisions of the statute." (quoting *United States v. Bozza*, 155 F.2d 592, 595 (3d Cir. 1946))).

We conclude the district court imposed a statutorily unauthorized sentence when it sentenced Wieneke to an indeterminate term of incarceration not to exceed two years but then suspended all but six days of the indeterminate term. Wieneke was convicted of an aggravated misdemeanor. "When a judgment of conviction of an aggravated misdemeanor is entered against any person and the court imposes a sentence of confinement for a period of more than one year the term shall

be an indeterminate term." Iowa Code § 903.1(2). All persons sentenced to an indeterminate sentence "shall be committed to the custody of the director of the Iowa department of corrections." *Id.* § 903.4. In *State v. Dohrn*, we concluded this statutory language vested the board of parole with responsibility for determining the ultimate length of confinement for an offender sentenced to an indeterminate term. 300 N.W.2d 162, 163–64 (Iowa 1981). In light of the board of parole's authority to determine the length of an indeterminate sentence, while the district court has the statutory authority to suspend the execution of a sentence or any part of it pursuant to Iowa Code section 901.5(3), the district court's statutory authority extends only to "the suspension of a portion of a sentence in regard to determinate sentencing orders. No such authority exists with respect to an indeterminate sentence." *State v. Formaro*, 638 N.W.2d 740, 742 (Iowa 2002). The district court exceeded its statutory sentencing authority in concluding otherwise.

For these reasons, we vacate the defendant's sentence and remand this matter for proceedings not inconsistent with this opinion.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT SENTENCE VACATED AND REMANDED.**

This opinion shall not be published.