# IN THE COURT OF APPEALS OF IOWA

No. 21-0060
Filed October 19, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LUIS RAMON CRUZ AYABARRENO,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Hancock County, DeDra L.
Schroeder, Judge.


        Luis Ayabarreno appeals from the district court's order correcting his
sentence. **AFFIRMED.**



        Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines,
for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney
General, for appellee.


        Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

Luis Ayabarreno was convicted of first-degree robbery in 2013 and was sentenced to a prison term not exceeding twenty-five years. At the time, a person serving a first-degree robbery sentence was subject to a mandatory minimum sentence of seventy percent, which came to seventeen-and-a-half years. *See* Iowa Code § 902.12(5) (2013); *State v. Henderson*, 908 N.W.2d 868, 878 (Iowa 2018) ("One good reason not to use a firearm is Iowa's 17.5 year mandatory minimum prison term for first-degree robbery, one of the most severe in the country." (citing Iowa Code § 902.12(5))). The sentencing court did not impose the mandatory minimum sentence.

Several years after he was sentenced, Ayabarreno filed a petition for writ of mandamus alleging "the Iowa Department of Corrections . . . informed [him] that, upon review, [it] would sua sponte apply the mandatory sentencing provisions to his sentence, thereby lengthening his time until parole or discharge." He sought an order "directing the [department] to enforce and abide by" the sentencing order. Citing section 902.12, the district court declined to grant relief.

Ayabarreno followed up with a motion to correct illegal sentence, alleging in part that "the language in the sentencing order . . . absolve[d] him of any mandatory sentencing provisions." The district court restated the operative language of section 902.12, said it was error not to have included a mandatory minimum term in the sentencing order, and corrected the sentence to provide that Ayabarreno would be "ineligible for parole until he ha[d] served 70 percent of the maximum term of his sentence."

On appeal, Ayabarreno argues "[i]mposition of a 70% mandatory minimum in the resentencing order violated [his] right to due process and double jeopardy" and "[t]he district court should have considered a mandatory minimum between one-half and seven-tenths of the total sentence."[1]

"[T]he Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents its later increase." *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980). While the clause "in part protects against multiple punishments for the same offense," it does not prohibit a court from correcting an illegal sentence, even when "the illegal sentence was more lenient than that allowed by law." *State v. Allen*, 601 N.W.2d 689, 690 (Iowa 1999). "This is generally true even if part of the illegal sentence has already been served." *Id.*

In *Allen*, the defendant contended the district court could not correct a sentence that failed to impose a sentence required by his habitual offender status. *See id.* Although the habitual offender part of the sentence increased the length of the defendant's indeterminate term from five years to fifteen years, the supreme court categorically stated, "[T]he district court did not violate the constitutional prohibitions against double-jeopardy when it resentenced [the defendant] in order to comply with [the statute]." *Id.* at 691.

---

[1] Ayabarreno filed a direct appeal from his judgment and sentence as well as two appeals from rulings on a postconviction-relief application. *See State v. Ayabarreno*, No. 13-0582, 2014 WL 465761, at *1–2 (Iowa Ct. App. Feb. 5, 2014); *see also Ayabarreno v. State*, No. 18-1973, 2020 WL 375939, at *2–5 (Iowa Ct. App. Jan. 23, 2020); *Ayabarreno v. State*, No. 15-1203, 2016 WL 4036168, at *2–4 (Iowa Ct. App. July 27, 2016). None addressed the failure to impose the mandatory minimum sentence.

The same is true here. The district court was obligated by statute to impose a mandatory minimum term of seventeen-and-a-half years. We conclude the court did not violate double jeopardy principles by correcting its sentence to comport with Iowa Code section 902.12.

In reaching that conclusion, we have considered *State v. Houston*, No. 09-1623, 2010 WL 5050564, at *3–4 (Iowa Ct. App. Dec. 8, 2010), cited by Ayabarreno. There, the court accepted "the majority view . . . that after a defendant has *completed* a sentence, a legitimate expectation in the finality of the sentence arises and double jeopardy principles prevent reformation of the original, albeit illegal, completed sentence." *See Houston*, 2010 WL 5050564, at *3. *Houston* is distinguishable because Ayabarreno had not completed his sentence when the court corrected it.

We turn to the Due Process Clause. Due process "prohibits 'increased sentences when that increase was motivated by vindictiveness on the part of the sentencing judge.'" *State v. Harrington*, 805 N.W.2d 391, 394 (Iowa 2011) (quoting *Texas v. McCullough*, 475 U.S. 134, 137 (1986)). Ayabarreno does not argue the district court acted vindictively in imposing the mandatory minimum sentence. Instead, he argues "due process and notions of fundamental fairness" should place "some temporal limitations" on "a court's ability to resentence a defendant."

The supreme court addressed a similar argument in *State v. Ohnmacht*, 342 N.W.2d 838 (Iowa 1983). The court stated "an individual has no vested right to prevent assessment of penalties authorized by statute even though they are greater," and due process did not "preclude correction of defendant's sentence." *Ohnmacht*, 342 N.W.2d at 843, 845; *see also State v. Howell*, 290 N.W.2d 355,

357, 358 (Iowa 1980) (rejecting the defendant's argument that, "having served the term under his original sentence, it would violate due process to revoke the bargain and impose a five-year penitentiary term," and concluding that "[b]ecause [the sentence] was invalid, the sentence upon which he relie[d] was outside the power or discretion of the sentencing court"). Under this precedent, Ayabarreno had no due process right to have the court maintain the illegal sentence.

Ayabarreno next argues the court should have considered applying the current version of section 902.12, which imposes a mandatory minimum sentence of "between one-half and seven-tenths of the maximum term of the person's sentence." He acknowledges "[t]his amendment applie[s] to robbery convictions that took place on or after July 1, 2018" but contends that because the district court "entered its order [correcting his sentence] on January 13, 2021," "the court was authorized to impose a mandatory minimum of five-tenths." He likens his case to *State v. Henderson*, No. 18-1426, 2019 WL 2872314 (Iowa Ct. App. July 3, 2019), in which he asserts "the amended robbery sentencing statute applied to a defendant on resentencing." But the procedural posture in *Henderson* was significantly different. The supreme court "set aside" the defendant's conviction "for first-degree robbery and remanded the case to the district court for resentencing and entry of judgment on second-degree robbery" after the effective date of the amendment. *Henderson*, 2019 WL 2872314, at *4. Ayabarreno's conviction was not vacated, and he was not resentenced. The district court simply corrected the original sentence to comport with the statute. We conclude

Ayabarreno is not entitled to the benefit of the amended statute. We further conclude the district court did not err in correcting the illegal sentence.

**AFFIRMED.**